(No. 31678

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in
Error, *vs.* ROBERT PUSCHMAN, Plaintiff in Error.

*Opinion filed May 24, 1951.*

ROBERT PUSCHMAN, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and
JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T.
GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING,
and WILLIAM J. McGAH, JR., all of Chicago, of counsel,)
for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

On October 7, 1946, the defendant, Robert W. Pusch-
man, was indicted in the criminal court of Cook County
for the crime of assault with intent to commit crime against
nature. He entered a plea of guilty on February 19, 1947,
and was sentenced on his plea to imprisonment in the peni-
tentiary for a term of not less than ten nor more than
fourteen years, to be confined in said penitentiary from
and after the delivery thereof until discharged according
to law. It was further ordered that the said imprison-

ment "shall begin at the expiration of the sentence of 10 to 14 years of imprisonment of the said Robert W. Puschman this day entered in Cause Number 46-2111 on the docket of this court being the People of the State of Illinois versus Robert W. Puschman in the cause for assault with intent to commit murder as charged in the indictment at the present term of this court and to be served cumulatively thereafter. The said Robert W. Puschman sentenced in cause Number 46-2111 is the same Robert W. Puschman sentenced in Cause Number 46-2112."

At the time of the filing of this record on September 28, 1950, it was contended by the defendant that the court erred in entering the above consecutive sentence, for the reason that the sentence was vague, indefinite and uncertain. After the cause was presented here on writ of error the State's Attorney presented a motion in the criminal court to the Honorable Charles E. Byrne for a correction of the sentence pronounced by the court on February 19, 1947, in accordance with the memorials made in the handwriting of the court at the time of the pronouncement of the judgment and sentence. On December 19, 1950, the court, after a full hearing on said motion for correction, entered a corrected order *nunc pro tunc* as of February 19, 1947, which was included in an additional common-law record filed and now before us in this cause. This order as corrected and entered is as follows:

"Therefore, it is ordered and adjudged by the Court that the said defendant, Robert W. Puschman be and he hereby is sentenced to the Illinois State Penitentiary for the crime of Assault with intent to commit crime against nature in manner and form as charged in the indictment whereof he stands convicted, for a term of years not less than ten years, nor more than fourteen years, for the crime whereof he stands convicted.

"And it appearing to the Court that the defendant, Robert W. Puschman, has on the 19th day of February

A. D., 1947, been sentenced by this Court in 46-2111 to imprisonment in the Illinois State Penitentiary for a term of not less than ten years nor more than 14 years for the crime of assault with intent to commit murder. It is therefore ordered and adjudged that the imprisonment of said defendant, Robert W. Puschman, under the sentence imposed against him in the pending Case Number 46-2112, shall not commence until the expiration of the imprisonment under said sentence of said defendant for said crime of assault with intent to commit murder.

"And it is further ordered and adjudged that the said defendant, Robert W. Puschman, be taken from the bar of the Court to the Common Jail of Cook County to the Illinois State Penitentiary, and be delivered to the Department of Public Safety and the said Department of Public Safety is hereby required and commanded to take the body of the said defendant, Robert W. Puschman and confine him in said Penitentiary according to law.

"It is further ordered that the said defendant pay all the costs of these proceedings, and that execution issued therefore."

The sentence as corrected obviates the contention of the defendant that the order now standing against him is indefinite and uncertain. Contentions based on a faulty record cannot be sustained where the record is corrected by the filing of an additional transcript consisting of the corrected complete common-law record showing the true state of the record. *People* v. *Hall*, 407 Ill. 137; *People* v. *Randolph*, 403 Ill. 434; *People* v. *Burke*, 400 Ill. 240; *People* v. *Webb*, 392 Ill. 524.

Defendant now makes some objection to the memorial on which the corrected judgment is based and contends the People have failed to set forth what the record contains as to the memorials. An examination of the order as entered by the judge in this case as to the corrected record certifies he kept the minutes of the evidence, rulings, judg-

ment and sentence in the said cause in his own trial book; that he finds the memorials are in his own handwriting at the time of the pronouncement of the judgment and sentence; and finds from an examination of the judgment spread of record that the clerk of the said court, through inadvertence, mistake and clerical misprision, incorporated, without warrant of authority, words in the sentence part of the judgment which were contrary to the court's notes and memorandum thereof.

The corrected order was made from the minutes which the judge kept in his own handwriting and nothing is shown in this record as to any contradiction. The record as certified by the clerk and filed herein imports verity. The record in a criminal case may be amended after the term at which it is made has elapsed, by an order of the court entered *nunc pro tunc,* when by reason of a clerical misprision it does not speak the truth. (*People* v. *Hall,* 407 Ill. 137; *Hubbard* v. *People,* 197 Ill. 15.) As was said in the *Hall case,* "We know of no more satisfactory memorial that could be produced for amending an order *nunc pro tunc,* to make it speak the truth than a certified copy of the judgment entered, made by the clerk on the very day the judgment was entered."

An examination of the record in the instant case discloses that the judgment as entered was a sufficient memorial for the judge to make the record speak the truth, and, in addition, the minutes from which the original judgment was entered were the originals as made by the judge from which the judgment was entered. It is apparent there is a proper basis for the *nunc pro tunc* order as entered by the judge, which obviates the contention made by the defendant as to any improper sentence. The judgment is, therefore, affirmed.

*Judgment affirmed.*