Czeslaw Tomaszewski, Appellant, v. Sam George, Appellee.

Gen. No. 46,045.

Opinion filed December 2, 1953. Released for publication December 30, 1953.

ADER & ADER, of Chicago, for appellant; MORRIS K. LEVINSON, of Chicago, of counsel.

HARVEY K. COUSENS, of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

Plaintiff brought an action to recover damages alleged to have been caused by defendant's wanton and malicious alienation from plaintiff of his wife's affection.

23

Defendant having been defaulted for failure to file an appearance or answer, the cause was submitted to a jury on June 20, 1952, which found that malice was the gist of the action and assessed plaintiff's damages at $5,000. Judgment was entered accordingly on the same day.

August 20, 1952 defendant filed his verified petition, supported by three affidavits, signed by defendant's wife and two other persons praying that service of summons be quashed and that the default judgment be vacated. After a hearing on the petition the relief prayed for was granted. Plaintiff appeals.

As grounds for quashing the service of summons, the petition alleged that (a) the deputy sheriff who filed the return purporting to serve defendant by leaving a copy of the summons with his wife on May 1, 1952 did not inform her of the contents thereof as provided by chapter 110, section 137, paragraph 13 of the Illinois Revised Statutes of 1949 [Jones Ill. Stats. Ann. 104.013]; (b) that the service of summons had upon defendant's wife was not at defendant's usual place of abode as required by statute; (c) that the person serving the summons did not identify himself as an officer of the law; and (d) that defendant never received a copy of the summons in the United States mail.

At the hearing one Sarli, a deputy sheriff, was asked to tell how he served Martha George, defendant's wife. He replied, "I drove up to this address and parked my car ten or fifteen feet away from there. I walked toward the address that I was looking for. As I was walking up to the place Mrs. George came over. She thought at first that I was a contractor. She was expecting a contractor. This is the story she told me, that she was getting her steps fixed. I asked for her husband but he was not in, so I served her. I told her I had a summons for her husband, that she could

accept it, and she accepted it." The witness also testified that he did not tell Mrs. George "the contents of the summons"; that at the time he delivered the summons to Mrs. George she was talking to "two or three other women there on the sidewalk about ten or fifteen feet away from her residence."

The sheriff's return signed by Sarli, his deputy, states that a copy of the summons was mailed on "the first day of May 1952 in a sealed envelope with postage prepaid addressed to defendant at his usual place of abode."

The record discloses that the following question was propounded to Sarli: "Do you recall whether you sent Mr. Sam George a copy of the summons in an addressed envelope to him at that address properly postmarked with the proper postage?" The witness answered: "As far as I can remember I do not believe I sent him a copy."

The petition alleges *inter alia* that the first notice defendant received of the judgment entered against him was when his wife was served with a writ of execution on or about August 8, 1952; that defendant never received a copy of the summons in the United States mail, and that defendant and his wife cannot read or write the English language.

From a careful reading of the petition we think it alleges facts which constitute a good and meritorious defense to the alienation suit.

Plaintiff contends that the sheriff's return may not be impeached after lapse of the term at which the judgment was entered.

In *Nikola v. Campus Towers Apt. Bldg. Corp.*, 303 Ill. App. 516, plaintiff filed an action to recover damages for personal injuries and a default judgment was entered against defendant. After term time defendant filed a verified petition averring that defend-

25

ant was never served with summons. In that case plaintiff contended that a judgment cannot be vacated in the same proceeding after thirty days from the entry thereof except under the provisions of section 72 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 196; Jones Ill. Stats. Ann. 104.072]. After tracing the use of the writ of error *coram nobis* in this State, its abolition, and the substitution of a motion in its place under the provisions of section 72 of the Civil Practice Act, this court concluded that relief could be granted by a motion in the same case, for the reason that in equity a person may have relief against a false return occasioned by mistake, thus dispensing with the necessity of filing a bill in chancery as formerly required. See *Owens v. Ranstead,* 22 Ill. 161; *O'Conner v. Wilson,* 57 Ill. 226. The *Nikola* case was cited with approval in the recent case of *Ellman v. De Ruiter,* 412 Ill. 285. In the *Ellman* case the defendant was defaulted and judgment was entered in favor of plaintiff. More than thirty days after the date on which the judgment was entered, defendant filed a motion supported by affidavits, under section 72 of the Civil Practice Act, to set aside the judgment on the ground that the entry had resulted from an error of fact and excusable mistake. The court said, at page 292:

"While our present Civil Practice Act has not effected a complete amalgamation of the practice and procedure in common-law and suits in equity in this jurisdiction it is our opinion that there has been a fusion sufficient to enable a court of law, when the occasion demands it, to apply equitable principles in administering the summary relief available under the motion which has been substituted for writ of error *coram nobis.* Stated differently, it is our belief that the motion may, under our present practice, be addressed to the equitable powers of the court, when the

26

exercise of such power is necessary to prevent injustice."

The petition filed in the instant case is addressed to equitable powers of the court. We think it falls within the purview of section 72 of the Civil Practice Act, and the question determined in *Ellman v. De Ruiter,* 412 Ill. 285, is so nearly analogous to the one presented in this case, that the decision in the *Ellman* case should control.

Plaintiff says that the sheriff's return will not be set aside upon the uncorroborated testimony of the person upon whom the service was made. The testimony of the deputy sheriff, Sarli, substantially corroborated the allegations of the defendant's verified petition and the statements contained in the three affidavits attached to the petition.

The return of an officer making service of a summons for a defendant by copy delivered to another person must show a strict compliance with every requirement of the statute authorizing such service or the court will not obtain jurisdiction of the person. (*Werner v. W. H. Shons Co.,* 341 Ill. 478.) In the instant case the testimony of the deputy who made the return impeaches the sheriff's return. This testimony and the uncontroverted allegations of the verified petition and affidavits are in our view sufficient to warrant setting aside the judgment.

For the reasons stated, the order is affirmed.

*Order setting aside default judgment affirmed.*

FEINBERG, P. J. and KILEY, J., concur.