Elisha Abron, Plaintiff-Appellant, v. Public Pontiac, Inc., an Illinois Corporation, Defendant-Appellee.

Gen. No. 49,626.

First District, Fourth Division.

September 24, 1965.

Rehearing denied December 10, 1965.

Thaddeus B. Rowe, of Chicago, for appellant.

L. Louis Karton and Harry R. Posner, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff appeals from an order allowing defendant's petition under Section 72 of the Civil Practice Act. Ill Rev Stats (1961), ch 110, § 72. The order vacated plaintiff's judgment previously entered against defendant by default. It also quashed the service of summons and gave defendant time to answer.

The original complaint, filed June 9, 1962, alleges false arrest and malicious prosecution. In 1959 defendant had sworn out a warrant for plaintiff's arrest on a charge of obtaining property under false pretenses.[1] The ensuing criminal proceedings were dismissed for want of prosecution on June 10, 1960 after some half-dozen continuances. The summons on file in the instant case shows service on defendant June 27, 1962. Default was taken on March 1, 1963, and on June 4, 1963, after prove-up before a jury, judgment was entered against defendant for $9,000. No execution was issued, but about four months later a citation to discover assets was issued and it was served on defendant on October 11, 1963. Defendant's original Section 72 petition (subsequently amended by leave of court) was filed October 17, 1963. Plaintiff filed a motion to strike parts of the amended petition and answered other parts. After hearing evidence, the court entered the order from which this appeal has been taken.

█ One of the findings made by the trial court was that defendant's amended petition states a meritorious defense to plaintiff's complaint. In setting forth his theory of the case in his brief filed in this court, plaintiff states that the court erred in so finding. However, since this contention is not included under Points and Authorities, and is not argued in plaintiff's brief, we

---

[1] Defendant's subsequently filed petition explained that it took this action because a car which plaintiff had traded to defendant was subject to a chattel mortgage of which defendant had not been advised at the time of the transaction.

consider that the point has been waived. Darling v. Charleston Community Memorial Hospital, 50 Ill App2d 253, 308, 200 NE2d 149; River v. Atlantic & Pacific Tea Co., 31 Ill App2d 232, 239, 175 NE2d 593; Appellate Court Rule 5(2)(k).

Multiple arguments were presented by plaintiff, and they come down to two points: that the court erred in finding (1) that there was no service of summons on defendant, and (2) that defendant had exercised due diligence in the premises.

We recognize that the sheriff's return is prima facie proof of service, and that the courts should indulge every presumption in favor of the validity of the service and the verity of the return. On the other hand, since a Section 72 petition is addressed to the equitable powers of the court, it is also appropriate to question a sheriff's return, and it may be contradicted by facts not before the court in the original ex parte proceeding. Isaacs v. Shoreland Hotel, 40 Ill App2d 108, 110, 188 NE2d 776; Tomaszewski v. George, 1 Ill App2d 22, 27, 116 NE2d 88.

The return in this case shows service of the summons on defendant corporation "by leaving a copy thereof with Finkelstein, Bkkpr." At the hearing on defendant's petition, the deputy sheriff testified to facts establishing valid service on defendant by service on Mr. Waldorf, the President of defendant corporation, and plaintiff argues in favor of this result in his brief. The deputy said that after having made service on Waldorf the latter told him to give the papers to Finkelstein. This testimony in itself tends to impeach the return of service. The whole transaction was denied by both Waldorf and Finkelstein. Defendant also introduced evidence on Finkelstein's lack of authority to act as agent of the corporation to accept service of summons. Defendant argues in the alternative from both these phases of the evidence, citing Isaacs and Jansma Transp., Inc. v. Torino Baking Co., 27 Ill App2d 347, 352, 353, 169 NE2d 829.

76

■ Given this conflicting testimony on an issue of fact, we will not substitute ourselves for the trial judge in determining the issue because it is his proper function to judge the credibility of the witnesses.

As to the question of defendant's diligence, the credibility of the witnesses is again the controlling factor. Plaintiff's attorney attested to the giving of notice to defendant by telephone and mail on several occasions: to the effect that it would be defaulted, that it had been defaulted, that a judgment would be entered against it, that this had been done, etc. Defendant's witnesses denied receipt of any meaningful communication in regard to the pending litigation,[2] and they, rather than plaintiff's witness, were apparently believed by the trial court.

■ ■ The point concerning defendant's diligence, however, fades from importance in view of our sustaining of the trial court in its finding that there was no service of summons upon defendant. Without service or appearance the court had no jurisdiction to enter a judgment against defendant, and the invalidity of such a judgment may be raised at any time by either direct or

---

[2] It is of passing interest that the only one of three letters which defendant admitted receiving from plaintiff's attorney (copies of which were in evidence) was one dated August 23, 1963, about 80 days after entry of the default judgment. In this letter reference was made to the "claim" of Elisha Abron and demand for satisfaction of his "lien," without which the writer would "take action against you to collect for your tortious acts." No mention was made of the facts that a suit had been filed, default taken, judgment entered, etc. No suit title or case number was furnished. Following receipt of this letter, defendant ordered a professional judgment search, but for some unexplained reason it failed to disclose plaintiff's judgment. Defendant's witnesses testified that the first time defendant had notice of the suit or the judgment was when citation summons was served in October, 1963. Six days thereafter it filed its petition under Section 72.

collateral attack. Chiaro v. Lemberis, 28 Ill App2d 164, 171 NE2d 81.

The order of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and DRUCKER, J., concur.