DONALD W. COX *et al.*, Plaintiffs-Appellants, *v.* GENERAL MOTORS CORPORATION, Defendant-Appellee.

(No. 70-153; )

Second District—March 8, 1971.

Thomas L. Ruth, Jr., of Barrington, for appellants.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The plaintiff appeals from an order of the Circuit Court of Lake County that quashed service of summons, vacated an order of default and a judgment order, and quashed the execution issued thereon.

On July 8, 1969, Donald W. and Rhoda V. Cox filed a complaint against General Motors Corporation for false representation and breach of warranties in connection with their purchase of an Oldsmobile automobile. On July 21, the sheriff filed his return with the court that read as follows:

"I have duly served the within writ upon the within named General Motors Corporation by reading and delivering a true copy thereof to M. Angelino for within named General Motors Corporation."

On October 31, 1969, an order was entered by a magistrate pursuant to a motion of the plaintiffs that found, inter alia, that "* * * summons having been served the defendant according to law * * *." and entered judgment by default for the failure of the defendant to either appear or plead. On November 14, proofs were taken and judgment entered in the amount of $5,037.40.

On April 1, 1970, execution was issued and, on April 15, the defendant filed its limited appearance for the purpose of contesting the jurisdiction of the court and service of summons. On May 15, the defendant filed a petition under section 72 of the Civil Practice Act to vacate the judgments and quash the service of summons and execution. The petition alleged that the defendant was unaware of the lawsuit until the execution was served upon them on April 7, 1970, and was supported by an affidavit of W. M. Collins. Collins, an assistant secretary of General Motors Corporation, stated in his affidavit "That at no time, either on or immediately prior or subsequent to July 15, 1969, was "Angelino" or "M. Angelino" an

officer or agent of General Motors Corporation or was he employed by General Motors Corporation in Barrington, Illinois" and that, in fact, no summons or complaint was ever received by General Motors. The plaintiffs moved to dismiss the petition on the grounds that the return of the sheriff was conclusive proof of service of summons and that the petition and affidavit were insufficient since they contained only "conclusions". The court denied the motion, quashed the summons, service of summons, and execution and vacated the default and judgment orders. On May 15, the defendant filed a general appearance and answer to the complaint.

Section 13.3 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 13.3) provides:

"A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of said corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law * * *."

■■ Ordinarily, a sheriff's return is *prima facie* proof of service. Here, however, the return was insufficient on its face since it failed to show that Angelino was neither an agent or officer of the defendant corporation. The plaintiffs argue that the default order of October 31 was an adjudication of the sufficiency of the service and that the trial court was without jurisdiction to consider the matter further after the expiration of 30 days. It is clear, however, that a sheriff's return may be questioned by a petition brought under section 72. *Abron v. Public Pontiac, Inc.*, 64 Ill.App.2d 73, 76; *Isaacs v. Shoreland Hotel*, 40 Ill.App.2d 108, 110.

■■ As is well known, section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) is designed to afford relief from judgments or orders which would not have been rendered had matters of fact not appearing of record been known to the court. (*Piper v. Reder*, 70 Ill.App.2d 141, 144.) To that end, the section should be, and has been, liberally construed. *Park Ave. Lumber v. Nils A. Hofverberg, Inc.*, 76 Ill.App.2d 334, 347.

■■ It appears obvious that the trial court would not have entered either the order of default or judgment had it been aware that "M. Angelino" was neither an agent or officer of the defendant. In any event, the judgment would be void if in fact the defendant was never served with process since the court had no jurisdiction to enter any orders against it. *Isaacs v. Shoreland Hotel, Inc., ibid.; Janove v. Bacon*, 6 Ill.2d 245, 249.

For the reasons given, the order of May 1 will be affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.