RAOUL MARIN *et al.*, Plaintiffs-Appellees, *v.* LOUISE GRIMM, Defendant-Appellant.

First District (5th Division) No. 61971

Opinion filed April 9, 1976.

Kenneth A. Green, of Chicago, for appellant.

Joel M. Kaplan, Harry A. Turkington, and Samuel Schachter, all of Chicago, for appellees.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from an order of the circuit court denying her section 72 petition to vacate a default judgment. Her principal contention on appeal is that the court did not obtain personal jurisdiction over her.

The record discloses that an order of May 26, 1971, defaulted defendant and entered judgment against her on a note in the amount of $11,001.52 plus costs. The order also found that "defendant was duly notified by being personally served with process according to the law, duly notifying said defendant of the pendency of this suit." A garnishment summons was issued on June 18, 1971, which was returned not satisfied. It appears that no further action was taken by either party until 1974, when the file was found to be missing and, on petition of plaintiffs, the clerk was ordered to restore the file on August 2, 1974. An execution was then issued and served on August 18, 1974, with the sheriff making a return that no property was found on which to levy. Defendant brought this section 72 motion to vacate the judgment, alleging that she had never been served with summons; that she had no knowledge of the action prior to the service of the execution; and that the court file was lacking any record of service of process. Plaintiffs then filed a motion under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 41) for attorneys' fees and costs because of allegations and denials which allegedly were not made in good faith.

The trial court denied both the section 72 petition of defendant to vacate the judgment and the section 41 petition of plaintiffs. The court found that defendant's uncorroborated affidavit that she had not been served with summons was inadequate as a matter of law to contradict the sworn return of service executed by the deputy sheriff. No cross-appeal was filed by plaintiffs.

Opinion

■■ A direct attack on a default judgment instituted more than 30 days after entry of the judgment must be brought under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), which requires in subsection (3) that the petition must be filed not later than two years after the entry of the judgment, except that "Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." Here, section 72 relief was not available to defendant, as her motion was prosecuted more than three years after the entry of the default judgment and she does not allege legal disability, duress or fraud. Inasmuch as section 72 relief is not available, we need not consider any grounds urged which constitute an attack on the judgment under said section.

However, nothing in section 72 was intended to limit the right to attack a void judgment directly or collaterally (Ill. Rev. Stat. 1973, ch. 110, par. 72(6); *Barnard v. Michael*, 392 Ill. 130, 63 N.E.2d 85, and a default judgment in which personal jurisdiction was not obtained would be void (*Deaton v. Lloyd's Jewelry Co.*, 7 Ill. App. 3d 926, 289 N.E.2d 123). Consequently, defendant's contention that the court did not obtain personal jurisdiction over her is cognizable in this appeal.

■■ In support of her position, defendant asserts that the return of service was neither included in the original record nor abstracted. We note, however, that a supplemental record filed with this court contains a sheriff's return showing personal service upon defendant on May 1, 1971, which required her appearance or answer on or before May 19. Neither were filed, and the default judgment was then entered on May 26. Nonetheless, she argues that this court should consider only the record as originally filed and abstracted, which does not include the sheriff's return. We disagree, as we believe that contentions based upon an incomplete record cannot stand once the record is corrected. (*People v. Puschman*, 409 Ill. 264, 99 N.E.2d 131.) We will therefore consider the record as supplemented.

■■■ A sheriff's return of service is *prima facie* evidence that personal service was obtained. (*Cox v. General Motors Corp.*, 132 Ill. App. 2d 209, 211, 267 N.E.2d 513; *Abron v. Public Pontiac, Inc.*, 64 Ill. App. 2d 73, 212 N.E.2d 326.) This return, however, may be impeached by evidence that the summons was not validly served. (*Janove v. Bacon*, 6 Ill. 2d 245, 128 N.E.2d 706; *Cox; Abron.*) In the instant case, defendant offered only her affidavit that she had not been personally served with summons to impeach the sheriff's return. As the trial court noted, this uncorroborated statement is not sufficient to overcome the presumption favoring

regularity of service where a sheriff's return appears of record. (*Marnik v. Cusack*, 317 Ill. 362, 148 N.E. 42; *Aetna Casualty & Surety Co. v. Sanders*, 15 Ill. App. 3d 573, 305 N.E.2d 25.) Thus, we believe the trial court was correct in denying defendant's section 72 motion.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ, P. J., and BARRETT, J., concur.