JOSEPHINE ALVAREZ, Plaintiff-Appellee, v. JOSEPH FEILER, SR., Defendant-Appellant.

First District (4th Division)   No. 86—1201

Opinion filed August 25, 1988.

William E. Dicks, Jr., of Chicago, for appellant.

Jeannette P. Tamayo, of Chicago (Alan A. Alop, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Josephine Alvarez, a tenant, brought this action against defendant, Joseph Feiler, Sr., her landlord, for damages sustained when defendant allegedly changed the lock on the door to her leased apartment on May 8, 1984, without proper notice to terminate her tenancy and without initiating a forcible detainer action. The court entered an order of default on April 2, 1985. On August 14, 1985, judgment in plaintiff's favor for $5,000 was entered based on a jury verdict for damages. On February 25, 1986, defendant filed a motion to vacate the judgment and to quash the service of process. The motion was denied. Defendant appeals, contending that the trial court erred because, contrary to the requirements of section 2—203(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—203(a)), the deputy sheriff who allegedly served his wife did not mail him a copy of the summons and did not inform the woman served of the contents, but merely stated that he had a paper for her husband.

We affirm.

322

The return contained in the record shows that deputy sheriff George Donatelli served a 50-year-old woman on October 8, 1984, at 1:45 p.m. Service was on "member of family, wife." In the space for "additional remarks" some writing is covered over with a white material.

Defendant's motion to quash service of process and vacate the judgment stated that defendant had never been served with process and never received a copy of the summons in the mail; he also denied that his wife, Mary Ann, was served with a copy of the summons and complaint on October 8, 1984. Defendant stated that he was 39 years of age in October 1984 and the only family members who resided with him at 5836 West Pershing Road in Cicero were his wife and his son, Joseph. Defendant stated his belief that the sheriff may have erroneously served defendant's neighbor at 5836½ West Pershing Road. He also challenged the sheriff's return showing service on his wife on October 8, 1984, and noted that comments on the return had been altered and apparently defaced.

Deputy sheriff George Donatelli testified that on October 8, 1984, he knocked on the door at 5836 West Pershing Road in Cicero, and a woman answered but would not say whether she lived there. Donatelli asked if defendant was at home and the woman responded, "No, he's not here, he doesn't live here." Donatelli then asked for his address stating that he had a paper for her husband. However, the woman would not answer the question, refused to show him identification, stated "I ain't giving him nothing" and closed the door before he was able to give her the summons. He then knocked on the door several times but the woman did not answer. He then opened the screen door and pushed the summons underneath the inner door into the house. The deputy further testified that he verified his service of summons on the defendant's wife by a conversation with the next-door neighbor. He also certified that he later mailed a copy of the summons to the defendant but he did not personally put the copy into the mail. He explained that the policy of the sheriff's department once substitute service had been made was to send out notices stating that summons had been served. A copy of the summons would also be sent to the address where the summons was served.

At the hearing on his motion to quash, defendant's position was that he and his wife, Mary Ann, were in Wisconsin on the dates that Donatelli supposedly served the summons.

Mary Ann Feiler testified that she is defendant's wife. In October 1984, they lived at 5836 Pershing Road in Cicero. In the latter part of

September 1984, she, her husband and son went to their home in Adams, Wisconsin, and remained there until mid-October. She identified gasoline receipts she received on October 7 and October 8, 1984, in Adams when her husband was with her. Before going to Wisconsin, she gave keys to her Cicero home to her mother and sister. She did not remember receiving a copy of the summons in the mail in Cicero and denied altering the date on the October 8 gas receipt.

Defendant testified that he was in Wisconsin on October 8, 1984, with his wife while his mother-in-law and sister-in-law were watching his house. He denied that he received a copy of the summons in the mail stating that his relatives had keys to his home and would take any mail that would have come during that time. He denied altering the gas receipts dated October 7 and October 8, 1984.

In closing argument, defendant's counsel primarily argued that defendant and his wife were in Wisconsin on the date of the alleged service, as indicated by their testimony and the documentation produced in court. Counsel suggested that the sheriff may have served defendant's mother-in-law or sister-in-law, who were not members of the household and not residing there, or that he may have served a neighbor.

The court rejected the defendant's position that he and his wife were in Wisconsin at the time of the service, finding that the dates on two of defendant's exhibits, the receipts showing Wisconsin gas purchases on October 7 and October 8, had been altered. The court noted that the alteration of the dates "[took] something away from [the Feilers'] case." The court further found that the deputy "testified fairly" and accordingly denied defendant's motion.

OPINION

■ In the case of substitute personal service, the return of an officer will not be set aside merely upon the uncorroborated testimony of the person on whom process has been served, but only upon clear and satisfactory evidence. (*Nibco, Inc. v. Johnson* (1983), 98 Ill. 2d 166, 171-72, 456 N.E.2d 120.) Section 2—203(a) provides that service upon an individual defendant shall be made by leaving a copy with defendant personally or by leaving a copy at defendant's usual place of abode with some person of the family who is at least 13 years old and "informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." (Ill. Rev. Stat. 1985, ch. 110, par. 2—203(a).) On appeal, defendant contends that the

deputy sheriff did not comply with section 2—203(a) in two respects: (1) by omitting to inform the person of the family served of the contents and (2) by not complying with the requirement of mailing the defendant a copy of the summons.

■ Initially, we note that defendant has changed the focus of his motion on appeal. During the evidentiary hearing on his motion to quash summons, defendant and his wife maintained that they were in Wisconsin at the time the deputy attempted to serve the summons. By logical inference, therefore, they could not well argue that the deputy failed to tell defendant's wife about the contents of the summons. Since the trial court did not find their testimony credible, defendant has conceded the issue on appeal and voluntarily waived any challenge to the court's findings of fact. Instead, he argues that the deputy's own testimony is fatally deficient because it does not explicitly state that he told the woman he served that the paper he had was a legal summons. On oral argument, however, his argument was based almost entirely on the issue of mailing: if the deputy failed to adhere to the statutory requisites of mailing a copy of the summons to defendant, he argues, the service was invalid.

In *Tomaszewski v. George* (1953), 1 Ill. App. 2d 22, 116 N.E.2d 88, the deputy sheriff did not inform the person served of the contents, the service was had upon defendant's wife not at defendant's usual place of abode, the person serving the summons did not identify his official capacity and defendant never received a copy of the summons in the mail. The court found that the service should be quashed and said: "The return of an officer making service of a summons for a defendant by copy delivered to another person must show a strict compliance with every requirement of the statute authorizing such service or the court will not obtain jurisdiction of the person." (1 Ill. App. 2d at 27, 116 N.E.2d at 90.) In *State Bank of Lake Zurich v. Thill* (1986), 113 Ill. 2d 294, 309, 497 N.E.2d 1156, the court stated that Illinois authority firmly established that in the case of substituted service, the return must show strict compliance with every requirement of section 2—203(a).

In this case, the return of service stated that service was made by leaving a copy of the summons and complaint with a member of defendant's family who was at least 13 years old and informing that person of the contents thereof. With respect to mailing, the return stated only, "Also, a copy of the summons was mailed to the defendant at the above address." Clearly, the return does not exactly comply with the language of the statute that the officer "shall also send a copy of the summons in a sealed envelope with postage fully prepaid,

addressed to the defendant at his or her usual place of abode," but section 2—203(a) also provides that the officer's certificate or affidavit that he has sent the copy in pursuance of the section "is evidence that he or she has done so." We conclude that the return does comply with section 2—203(a) in these respects.

■ Plaintiff argues that both issues have been waived because they were not raised in the court below. Our examination of defendant's motion to quash service of process indicates that the motion was founded on the claim that defendant's wife was not served, but paragraph 7 of the motion does attack a portion of the sheriff's return which defendant asserted had been altered claiming that "the copy of service mailed was not delivered to defendant." No argument was made at the evidentiary hearing that there had not been compliance with the statutory requirements of informing the person served of the contents of the summons or the mailing requirement although some evidence relevant to these issues were elicited. Instead, defendant and his wife claimed to be in Wisconsin.

Plaintiff argues that questions not raised in the trial court are deemed waived and may not be raised for the first time on appeal. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500, 475 N.E.2d 872.) Our supreme court has said that although this general rule is not unyielding, "a court of review should not and will not consider different theories or new questions if proof might have been offered to refute or overcome them had they been presented in the trial court." (*People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303, 313, 335 N.E.2d 448, 454.) The record establishes that the first issue, which concerned informing the family member of the contents, was not raised in the trial court and is waived since further evidence could possibly have developed on this point. The second issue concerned mailing and was properly raised with some evidence produced concerning whether the deputy sheriff actually mailed the summons which defendant denied receiving.

■ In *Nibco, Inc. v. Johnson* (1983), 98 Ill. 2d 166, 173, 456 N.E.2d 120, the court stated that the return of an officer should be set aside only upon clear and satisfactory evidence. The weight to be given to such assertions in affidavits and to testimony was peculiarly within the province of the trial court and its holding would not be disturbed unless manifestly against the weight of the evidence. The return in this case complies with the relevant portions of the statute. The deputy sheriff's testimony that he informed defendant's wife that he had a paper for her husband does not directly contradict the return. Had the issue been raised explicitly in the circuit court, perhaps

more testimony could have been adduced concerning what, if anything further, he told her of the contents, but there is not sufficient evidence here to impugn the officer's return. With respect to the mailing requirement, it is clear that the trial court found the testimony of defendant and his wife was not persuasive. Although the officer testified that he did not personally mail a notice and the summons to defendant, he did testify to the existence of an office routine whereby others did so. The recitation in the return complied with the requirements of the statute concerning mailing and the evidence presented was not sufficient to show that the summons was not mailed. The court correctly refused to quash service of summons.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.