2023 IL App (1st) 22006-U

No. 1-22-0006

June 23, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| U.S. BANK, AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois, |
| Plaintiff-Appellee, | ) ) | Municipal Department, First Municipal District. |
| v. | ) ) | |
| UNKNOWN OCCUPANTS, | ) ) | No. 2021 M1 701973 |
| Defendants. | ) ) | |
| (Brian Mott, Appellant) | ) ) | Honorable |
| | ) ) ) ) | Judge Perla Tirado Judge Presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Oden Johnson and Tailor concurred in the judgment.

**ORDER**

¶ 1    Held:    We affirm the trial court's denial of the defendant's section 2-1401 petition because it presented no basis to collaterally attack the trial court's default order for lack of

jurisdiction. Further, the trial court did not abuse its discretion by denying defendant's petition where defendant failed to establish a meritorious defense.

¶ 2    Plaintiff-Appellee U.S. Bank sued to foreclose its mortgage on a two unit apartment building. After the Judicial Sales Corporation issued a foreclosure sale deed to U.S. Bank, U.S. Bank filed a two-count complaint for eviction and ejectment against Unknown Occupants to gain possession of the property located at 11837 S. Indiana Ave, First Fl., Chicago, IL. The circuit court entered a default eviction order in favor of U.S. Bank. Joseph Mott filed an emergency petition to vacate the eviction order pursuant to Section 2-1401 (f) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2–1401 (West 2020)). On appeal from the circuit court's denial of the motion to vacate the eviction, Mott argues the circuit court erred by denying his motion to vacate because: (1) U.S. Bank did not provide the required notice to him; (2) the court did not consider his *bona fide* lease agreement; (3) the court ignored federal law; and (4) the court ignored Chicago Municipal Ordinance. For the following reasons, we affirm the circuit court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4    Pursuant to foreclosure proceedings, U.S. Bank acquired ownership of a two-unit property at 11837 S. Indiana Ave., Chicago, IL, 60628, on December 19, 2019. On February 2, 2021, U.S. Bank served a demand for immediate possession of any unknown occupants pursuant to the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-104 (West 2020)). The demand letter further stated: "If you believe that you are legally entitled to occupy the premises, or if you have a written lease, please contact SANFORD KAHN, LLP, attorney for the Owner, at (312) 263-6778." On June 1, 2021, U.S. Bank filed a verified complaint for eviction and ejection. U.S Bank attached the foreclosure sale deed and the "demand for immediate possession" to the complaint. The

complaint alleged that unknown occupants were residing on the property and had no interest in the property.

¶ 5     On July 2, 2021, a process server served an alias summons and complaint to an individual on the premises. The process server described the individual as an African American male. The processor detailed the encounter as follows:

"I walked up to the house and the door was open and there was [a] male sitting in the front room, I rang the doorbell. The male was a[n] African American in his mid to late 30's, around 5'7" in height and approximately 170 pounds. I asked him if he was only one who lived in the building as I had summons and complaints for both first and second floor. He said he was the only one living in the building. I handed him both sets court documents. I also asked for his name and date [of] birth, but he refused to give it to me. He stated he had a lease with someone and then closed the door in my face and walked back in the home.

\*\*\*

Served individual defendant by leaving a copy of the appropriate documents with each defendant personally."

¶ 6     Following a status hearing on August 27, 2021, when no defendant appeared, the court set the matter for a prove-up hearing on September 9, 2021. On the day of the prove-up hearing, the court entered a default order for possession in favor of U.S. Bank.

¶ 7     On October 20, 2021, Mott filed an emergency petition to vacate the eviction order pursuant to section 2–1401 (f) of the Code (735 ILCS 5/2–1401 (West 2020)). In the petition, Mott argued *inter alia*, he did not have any notice of the eviction, and he had a *bona fide* lease to the property. Mott attached an alleged lease agreement to his petition. The lease agreement named

Brian Mott the lessee and Griot Group, LLC the lessor. The document lists a monthly rent of $1,100.00 and a lease term beginning July 01, 2019, and ending June 30, 2024.

¶ 8    On November 22, 2021, U.S. Bank filed a response to Mott's section 2-1401 petition to vacate. U.S. bank argued that Mott's petition should be denied because: (1) he never sought the court's permission to intervene in the action; (2) he did not establish a meritorious defense; and (3) he failed to exercise due diligence. Subsequently, Mott filed an appearance on December 15, 2021.

¶ 9    The circuit court held a hearing on Mott's motion to vacate on December 28, 2021.  After hearing arguments from both parties, the circuit court judge asked Mott about his purported lease, and the following exchange occurred:

> THE COURT: So, Mr. Mott, you said you have a lease signed with Griot Properties;
>
> is that correct?
>
> BRIAN MOTT: That is correct, Judge.
>
> THE COURT: Okay. So do you have proof of your rent payments?
>
> BRIAN MOTT: Yes. I attached it in the other case and, also I attached it in the
>
> original 2-1401 showing that proof of rents were paid.
>
> ***
>
> THE COURT: Okay. So, I'm going to look in the clerk system to see if they're
>
> attached because if you attached them then they need to be included in there because
>
> I do not have it in the copy that I have so let me look it up.
>
> ***

THE COURT: This is that emergency motion you filed that you told me you included the receipts in, sir. So, this is what I'm looking at. So, is this where you're saying the rental receipts were included?

BRIAN MOTT: I'm saying yes. Yes, Judge.

THE COURT: There's Exhibit B, that's the lease, okay. And then there's Exhibit C, which is a copy of the court order and then the eviction order. So tell me where in here are copies of the rental receipts?

BRIAN MOTT: In my affidavit. It should have been right behind my affidavit.

THE COURT: Okay. And your affidavit is here and your affidavit is two pages and there is nothing attached to the affidavit. And you can see it right here. This is directly from the clerk system. So, tell me where here are the receipts for the rental receipts.

BRIAN MOTT: It should have been attached behind my affidavit, Judge.

THE COURT: Okay. It's not filed, sir. It's not filed and I'm going based on what is filed within the clerk system. So, sir, based on that, your motion is denied.

¶ 10    This appeal follows the circuit court's denial of Mott's petition.

¶ 11                                II. JURISDICTION

¶ 12    On June 1, 2021, U.S. Bank filed a verified complaint for eviction and ejection. On September 9, 2021, the circuit court entered a default order. Mott filed an emergency petition to vacate the eviction order pursuant to section 2–1401 (f) of the Code (735 ILCS 5/2–1401 (West 2020)). The circuit court denied Mott's petition on December 28, 2021. On December 29, 2021, Mott filed a notice of appeal. We have jurisdiction over this appeal pursuant to article VI, section

6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 13                                     III. ANALYSIS

¶ 14     On appeal, Mott argues (1) U.S. Bank did not give him the required notice as a leaseholder; (2) the circuit court erred in denying his section 2-1401(f) petition;  (3) the circuit court ignored the Protecting Tenants at Foreclosure Act of 2009 (PTFA); (4) the circuit court ignored city of Chicago ordinances "keep Chicago renting ordinance" (KCRO) and "the residential landlord tenant ordinance" (RLTO); and (5) the circuit court abused its discretion by denying the motion to vacate. U.S. Bank responds by asserting that this court should affirm the denial of the 2-1401 petition because (1) Mott failed to include a transcript of the hearing in the record on appeal and to demonstrate the court abused its discretion; (2) service of pre-eviction notice has nothing to do with the court subject matter jurisdiction; (3) Mott failed to establish a meritorious defense; (4) Mott failed to exercise due diligence in presenting his defense; (5) KCRO was preempted by the Illinois Rent Control Act (IRCA) during the relevant period of time; and (6) Mott's brief should be stricken because it does not comply with Illinois Supreme Court rule 341(h)(6).

¶ 15                            A. Jurisdictional Challenge

¶ 16     We first note that this matter was before the trial court on 2-1401(f) petition to vacate the order of eviction. A petition under section 2-1401(f) challenges a judgment as void and that "the allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." *Sarkissian v. Chi. Bd. of Educ.*, 201 Ill. 2d 95, 104 (2002). A void judgment is one that a court enters without jurisdiction over the parties or the subject matter or by a court that lacks the inherent power to enter the order. *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 379-80 (2005). Once a court has obtained jurisdiction, an order will not be rendered

void, and the court will not lose jurisdiction merely because of an error or impropriety in the court's determination of the facts or law. *People v. Davis*. 156 Ill. 2d 149, 157, (1993); *Universal Underwriters Insurance Co. v. Judge & James. Ltd.*, 372 Ill. App. 3d 372, 383 (2007). We review *de novo* a trial court's denial of a postjudgment petition that raises a purely legal challenge to a final order. *Warren Cnty. Soil & Water Conservation Dist. v. Walters,* 2015 IL 117783, ¶ 47.

¶ 17    Here, both parties make arguments that are not relevant to whether the judgment entered by the circuit court is void. Mott argues that the judgment is void because the circuit court lacked jurisdiction. He argues that he is a bona fide tenant with a five-year residential lease, and he was not named in the foreclosure proceedings. During the hearing on Mott's section 2-1401(f) petition, the circuit court inquired about rental receipts. Mott did not provide rent payment receipts to the circuit court but stated they were filed. When the judge reviewed the clerk system, no receipts had been filed. As a result, the court denied Mott's motion to vacate.

¶ 18    Mott argues that U.S. Bank did not provide notice to him pursuant to the Act. He alleges that the notice issue is new information that was not before the trial court when the judgment was entered. He further alleges that no notice of demand was served on him, and U.S. Bank "had no right to bring an action in forcible entry and detainer prematurely." Mott makes this argument pursuant to his 2-1401(f) petition to vacate the judgment.

¶ 19    Our supreme court has explained that "[n]o demand in writing is necessary to maintain an action for possession of land under section 9-102(a)(2) [citation] or other parts of the statute which do not set out the statutory requirement of a prior demand." *Vogel v. Dawdy*, 107 Ill. 2d 68, 76, 89 (1985). The Act requires that:

> "The demand required by Section 9–102 of this Act may be made by delivering a
> copy thereof to the tenant, or by leaving such a copy with some person of the age

of 13 years or upwards, residing on, or being in charge of, the premises; or in case no one is in the actual possession of the premises, then by posting the same on the premises; or if those in possession are unknown occupants who are not parties to any written lease, rental agreement, or right to possession agreement for the premises, then by delivering a copy of the notice, directed to 'unknown occupants,' to the occupant or by leaving a copy of the notice with some person of the age of 13 years or upwards occupying the premises, or by posting a copy of the notice on the premises directed to 'unknown occupants.' " 735 ILCS 5/9–104.

¶ 28    Here, any alleged defect in notice did not deprive the circuit court of jurisdiction to enter the eviction order.  Illinois courts have original jurisdiction over all justiciable matters. Ill. Const. 1970, art. VI, § 9. "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc*., 199 Ill. 2d 325, 334, (2002). The failure to comply with statutory notice requirements may serve as a defense but does not deprive the court of subject-matter jurisdiction. *Prairie Mgmt. Corp. v. Bell*, 289 Ill. App. 3d 746, 752 (1st Dist. 1997).

Mott points to no specific defects in the service of the summons and complaint to conclude that the circuit court violated his due process rights. Here, the process server provided notice to unknown occupants. The complaint presented "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota,* 199 Ill.2d at 335. Mott's uncorroborated affidavit stating he was not properly served with the summons is insufficient to overcome the presumption favoring the affidavit of service. *Paul v. Ware*, 258 Ill. App. 3d 614,

617–18, (1st Dist. 1994); *Marin v. Grimm* 37 Ill.App.3d 979, 981, (1976); *Aetna Casualty & Surety Co. v. Sanders*, 15 Ill.App.3d 573, 575, (1973).

¶ 22    U.S. Bank had no knowledge of Mott being a tenant of the property. Though a five-year residential lease is found in the record on appeal, the lease was purported to be with Griot Group, LLC. However, there is nothing in the record supporting Griot Group's ownership interest in the property. The circuit court inquired about rent receipts to validate Mott's purported lease, but mott failed to produce receipts. Therefore, we find that Mott did not prove that he was a leaseholder requiring notice beyond that given to unknown occupants, and U.S. Bank complied with the notice requirements demanded by the Act. As a result, we find that Mott's allegations do not establish a lack of jurisdiction on the part of the circuit court.

¶ 23                    B. Fact-dependent Challenge

¶ 24    Jurisdiction aside, Mott also asserts that the circuit court's judgment is voidable because he demonstrated a meritorious defense and due diligence with the filing of his section 2-1401 petition. When a section 2-1401 petition presents a fact-dependent challenge to a final judgment, the petitioner must set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense; and (3) due diligence in filing the section 2–1401 petition for relief. *Warren Cnty. Soil & Water Conservation Dist. v. Walters,* 2015 IL 117783, ¶ 51. (citing *Smith v. Airoom, Inc*., 114 Ill. 2d 209, 221, (1986)). The standard of proof necessary to sustain a section 2–1401 petition is a preponderance of the evidence, and the circuit court's decision on the petition is reviewed for an abuse of discretion. *Airoom, Inc.*, 114 Ill. 2d 209, 223. An abuse of discretion occurs only when the circuit court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the circuit court. *Seymour v. Collins*, 2015 IL 118432 ¶ 41.

¶ 25   To establish a meritorious defense or claim, a petitioner must allege facts that would have prevented the entry of the judgment if they had been known by the circuit court. *Physicians Ins. Exch. v. Jennings*, 316 Ill. App. 3d 443, 457, (1st Dist. 2000). To demonstrate due diligence pursuant to a section 2-1401 petition, the petitioner must have a reasonable excuse for failing to act within the appropriate time. *Airoom*, Inc., 114 Ill. 2d 209, 222. The petitioner must show that their failure to defend against the lawsuit was the result of an excusable mistake and that the petitioner acted reasonably under the circumstances and was not negligent. *Id.* When assessing the reasonableness of the petitioner's excuse, the court must consider all surrounding circumstances, including the conduct of the litigants and their attorneys. *Id.*

¶ 26   Mott argues he presented a meritorious defense because he demonstrated he was a tenant of the property with a bona fide lease and was not given proper notice of the eviction by U.S. Bank. To support his claim, Mott argues the circuit court ignored notice requirements outlined in the KCRO and PFTA.

¶ 27    Mott also claims he provided the circuit court with a *bona fide* lease to the property that preempted the foreclosure sale. Under the Act,  a party who receives a property via foreclosure may only evict a tenant "(i) at the end of the term of the bona fide lease, by no less than 90 days' written notice or (ii) in the case of a bona fide lease that is for a month-to-month or week-to-week term, by no less than 90 days written notice." 735 ILCS 5/9-207.5(a) (West 2020). Section 15-1224 of the Mortgage Foreclosure Act explains that a *bona fide* lease is:

"(a) For purposes of section 9-207.5 *** , the term "bona fide lease" means a lease

of a dwelling unit in residential real estate foreclosure for which:

(1) the mortgagor or the child, spouse, or parent of the mortgagor is not the tenant;

(2) the lease was the result of an arms-length transaction;

(3) the lease requires the receipt of rent that is not substantially less than fair market rent for the property or the rent is reduced or subsidized pursuant to a federal, State, or local subsidy; and

(4) either (i) the lease was entered into or renewed on or before the date of the filling of the *lis pendens* on the residential real estate in foreclosure pursuant to Section 2-1901 of this Code or (ii) the lease was entered into or renewed after the date of the filing of the *lis pendens* on the residential real estate in foreclosure and before the date of the judicial sale of the residential real estate in foreclosure, and the term of the lease is for one year or less."

¶ 28    As we have noted, Mott provided the circuit court with an alleged lease for the property to support a meritorious defense to the eviction action. Before introducing a document into evidence, a party must lay the proper foundation. *Piser v. State Farm Mutual Automobile Insurance Co*., 405 Ill. App. 3d 341, 348 (2010). Proper authentication requires the proponent to establish that the document is what the proponent claims it to be. *Id* at 348-49; Ill. R. Evid. 9019 (eff. Sep. 17, 2019). Authentication can be achieved either by direct or circumstantial evidence. *Piser,* 405 Ill.App.3d at 349. Often, a document is authenticated "through the testimony of a witness who has sufficient personal knowledge to satisfy the trial court that a particular item is, in fact, what its proponent claims it to be." *Id*. (quoting *Kimble v. Earle M. Jorgenson Co*., 358 Ill. App. 3d 400, 415 (2005)).

¶ 29    Here, Mott has failed to present sufficient direct or circumstantial evidence to authenticate the purported lease. As previously stated, the purported lease was for five years with Griot Group, LLC. There is no evidence that demonstrates Griot Group, LLC had any interest in the property to convey to Mott. The circuit court inquired about rent receipts to validate his purported lease, which Mott failed to produce at the hearing for his section 2-1401 petition. Mott attached to his brief

what he claims to be rent receipts paid by the "Mott Trust Fund" in the sum of $8,800 to Jesus Muniz. However, there is no evidence in the record that Muniz has any current or prior interest in the property. It is well established that an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and any doubts which may arise from the incompleteness of the record will be resolved against the appellant. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). As a result, Mott has failed to present sufficient evidence to authenticate the purported lease and demonstrate he is a *bona fide* tenant.

¶ 30    Mott's failure to demonstrate he is a *bona fide* tenant also disposes of his reliance on the PTFA. The PFTA only applies to *bona fide* tenants with *bona fide* leases. P.L. 111–22, § 702(a)(2)(A), 123 Stat. 1632, 1662 (2009). The same is true for the KCRO, which provides various rights to tenants of foreclosed homes. See Chicago Municipal Code § 5-14-010. The KCRO defines a qualified tenant as an individual who (1) is a tenant in a foreclosed rental property and (2) has a bona fide rental agreement to occupy the rental unit as the tenant's principal residence. See Chicago Municipal Code § 5–14–020. Because Mott cannot prove he is a qualified tenant, KCRO does not apply. We find that Mott has failed to establish a meritorious defense because he has not presented facts that would have prevented entry of the default order if they had been known by the circuit court. *Physicians Ins. Exch.*, 316 Ill. App. 3d 443, 457. Having failed to establish a meritorious defense, we need not consider whether Mott demonstrated due diligence in presenting this defense and filing his section 2-1401 petition. Hence, we find the circuit court did not abuse its discretion in denying Mott's section 2-1401 petition.

¶ 31                                IV. CONCLUSION

¶ 32    For the foregoing reasons, we affirm the decision of the circuit court.

¶ 33    Affirmed.