(No. 31404.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES D. HALL, Plaintiff in Error.

*Opinion filed September 21, 1950—Rehearing denied Nov. 17, 1950.*

CHARLES D. HALL, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and DAVID C. WILLIAMS, State's Attorney, of Pittsfield, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Charles D. Hall, pleaded guilty to the crime of murder in the circuit court of Pike County on December 8, 1933, and was sentenced by the court to imprisonment in the penitentiary for the term of his natural life.

Plaintiff in error filed a common-law record in this court to the January term, 1950, and assigned error upon the part of the trial court in accepting a plea of guilty in a capital case, without appointing counsel, or showing that the defendant had knowingly and understandingly waived the right to counsel, and that the court did not hear evidence in aggravation and mitigation prior to entering the sentence of imprisonment for his natural life.

At the March term, 1950, the People moved for a continuance for the purpose of amending the common-law record, so as to make it speak the truth, which motion was granted by the court, and on April 1, 1950, the circuit court of Pike County, after notice to plaintiff in error,

did amend the common-law record, a certified copy of which was filed with the clerk of the Supreme Court on April 12, 1950.

The common-law record originally filed did fail to disclose that the plaintiff in error was represented by counsel, and being a capital case, under our holding in *People* v. *Williams,* 399 Ill. 452, this was error. However, the amended record filed discloses that Charles D. Hall appeared in court in his own proper person, and by his attorney, Wayne P. Williams, the name of the attorney being added to the original record by way of amendment. The record in this cause now, as shown by the original and the amendment thereto, discloses that the plaintiff in error was properly arraigned, and was represented by counsel, and complies with all of the requirements as laid down in the *Williams case.* Plaintiff in error, however, contends that the record was improperly amended upon oral testimony, and not from any memorial, as is required by law, to authorize a court to amend a record once it passes beyond its jurisdiction. The rule is well settled that to make such an amendment there must be a memorial from which a court is able to determine that there was in fact a misprision or mistake of the clerk in entering up the judgment and to correct it accordingly.

Upon a hearing to amend the record, the clerk of the Illinois State Penitentiary at Menard, Illinois, produced the original mittimus, which was identified by the clerk of the circuit court who held office at the time of the sentence in the case of People v. Charles D. Hall, and this mittimus recites as follows: "Now again on this day come the said People, by Merrill H. Johnston, State's Attorney, and the said defendant, Charles D. Hall in his own proper person, as well as by his counsel, Wayne P. Williams, also comes, and now neither the said defendant, Charles D. Hall, nor Wayne P. Williams counsel for him, saying anything further why the judgment of the Court should not now be

pronounced against him on the verdict of guilty of Murder heretofore rendered in this case." Then follows the pronouncement of judgment and sentence. This bears date December 8, 1933, and purports to be signed by the then circuit clerk of Pike County.

We held in *People ex rel. Clancy* v. *Graydon,* 329 Ill. 398, that a mittimus is only a transcript of the minutes of the conviction and sentence, duly certified by the clerk. This original mittimus produced in court was therefore a copy of the judgment and sentence entered December 8, 1933, and since it recites not only the name of the defendant, but the name of his attorney, and that they were both present in court, it manifests beyond any question that there was a man by the name of Wayne P. Williams who was present in court, acting as the attorney for the defendant. This, in our judgment, constitutes not only a sufficient, but a very satisfactory, memorial of what actually took place.

In addition to the foregoing, the circuit judge who entered the sentence, the attorney who represented the defendant in said cause at the date of his plea, and the individual who was the circuit clerk at the time the judgment and sentence were entered, all appeared and testified to the fact that the plaintiff in error was represented by counsel. It is true that oral testimony alone cannot be used to amend a record, but such testimony in the instant case was merely corroborative of a memorial which satisfied the court beyond any doubt that the record should be amended to speak the truth, as indicated by the memorial in the form of the copy of the original sentence entered by the court.

The term "memorial" has a well-defined meaning. In *Tynan* v. *Weinhard,* 153 Ill. 598, the requirements of a memorial, after an exhaustive review of authorities, are set forth as follows: "The fact, that a judgment has been

ordered by the court, or has been rendered at a previous term, cannot be proven by oral testimony. It must be shown by the production of some note or memorandum from the records or *quasi* records of the court, or by the judge's minutes, or some entry in some book required to be kept by law or in the papers on file in the cause."

In *People* v. *Cobb,* 343 Ill. 78, the question before the court was whether the indictment under consideration had been returned into open court, which the record failed to show. The court heard oral and documentary evidence, and amended the record. The evidence introduced consisted of a number of other indictments found and returned in open court, including the indictment in the case under consideration. Each indictment bore the signature of the foreman of the jury, and the file mark of the clerk of the court. The evidence showed the file mark had been placed upon the indictments by the clerk. This was all done upon the day the indictments were returned into open court and was held by the court to be a sufficient memorandum to amend the record to show such fact, the following language being used: "The record in a criminal case may be amended after the term at which it is made has elapsed, by an order of court entered *nunc pro tunc,* when by reason of a clerical misprision it does not speak the truth." (Citing the *Tynan case,* 153 Ill. 598, above, and also citing *Hubbard* v. *People,* 197 Ill. 15; and *May* v. *People,* 92 Ill. 343.) We know of no more satisfactory memorial that could be produced for amending an order *nunc pro tunc,* to make it speak the truth than a certified copy of the judgment entered, made by the clerk on the very day the judgment was entered.

There was no error in the circuit court of Pike County in amending the record in the instant case, showing that the plaintiff in error was represented by counsel, the omission of which was misprision, inadvertently made by the

clerk's office in entering up the judgment. There is no substance in the objection of plaintiff in error that the judgment was amended upon an insufficient memorial, upon which to make the correction of the record.

Some complaint is made by plaintiff in error that he was not given a hearing upon aggravation and mitigation, but we have held that in the absence of such a request prior to sentence it is deemed by the court to have been waived. (*People* v. *Conn,* 391 Ill. 190; *People* v. *Thompson,* 398 Ill. 114.) The common-law record does not disclose such a request.

Any supposed error alleged in the original brief of plaintiff in error having been cured by the amended record, certified to this court, the judgment of the circuit court of Pike County is accordingly affirmed.

*Judgment affirmed.*