(No. 31777.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEVERNE WALKER, Plaintiff in Error.

*Opinion filed May 24, 1951.*

LEVERNE WALKER, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

April 22, 1937, three indictments were returned against the defendant, Leverne Walker, in the criminal court of Cook County. Of these, the indictment in No. 37-697 charged defendant with robbery. He pleaded not guilty, was tried by the court without a jury, found guilty, and sentenced to the penitentiary for an indeterminate period of from one year to life. He received his discharge effective November 7, 1945. The second indictment (No. 37-699) was also for robbery. Defendant was found guilty in manner and form as charged in the indictment and sentenced to imprisonment for an indeterminate term of from one year to life. It was ordered that the imprisonment begin at the expiration of the sentence entered in No. 37-697. He was ordered discharged from imprisonment in cause No. 37-699 on May 7, 1950. The third indictment (No. 37-700) charged defendant with assault with intent to murder. He was found guilty, as charged, and sentenced to the penitentiary for a term of not less than one year nor more than fourteen years. The judgment order in No. 37-700 adjudged that defendant be taken by the sheriff from the county jail of Cook County to the Illinois State penitentiary, and be delivered to the Department of Public Welfare which, in turn, was commanded to take the body of defendant and confine him in the penitentiary according to law, from and after his delivery until legally discharged. It was further ordered that the imprisonment upon this third charge begin at the expiration of the second sentence. Defendant prosecutes

this writ of error, appearing *pro se*. No bill of exceptions has been filed.

Seeking a reversal, defendant contends that the judgment order in No. 37-700 is insufficient to create a consecutive sentence and, conversely, that the sentence is a concurrent one which began to run with the sentences in Nos. 37-697 and 37-699 on the day he was confined in the penitentiary, namely, May 29, 1937. The argument supporting this contention is based upon the record which defendant caused to be certified by the clerk of the criminal court. This record has since been corrected, conformably to an order entered in the criminal court of Cook County on January 3, 1951, *nunc pro tunc* as of the date of entry, making the expanded judgment order conform to the pronouncement of sentence made by the trial judge. Upon motion of the State's Attorney and after an examination of the record and of the various papers and exhibits in evidence on the hearing, produced from the permanent files of the clerk of the criminal court, the trial judge certified that he had examined the minutes of the clerk's day book which contained the following minutes of the sentence pronounced on April 22, 1937: "Defendant sentenced on Finding and Judgment to the Illinois State Penitentiary for a term of not less than one year nor more than 14 years. Sentence to begin at expiration of sentences in cause 37-697 and 37-699;" that he kept minutes of the evidence, rulings, judgment and sentence in the cause heard by him while sitting in the criminal court in his own "Trial Book;" that he had examined these minutes and found that he had made a memorial in his own handwriting at the time of the pronouncement of the judgment and sentence, and that he further found, from an examination of the judgment spread of record, that the clerk of the court, through inadvertence, mistake, and clerical misprision, incorporated without warrant of authority words in the sentence part of the judgment showing that the imprisonment and the

sentence should commence from and after the delivery of the body of the prisoner to the Department of Public Welfare, which language is contrary to the clerk's minutes and the court's notes and memoranda thereon. Accordingly, it was ordered and adjudged that defendant be sentenced to the penitentiary for the crime of assault with intent to murder in manner and form as charged in the indictment, for a term of not less than one year nor more than life; that the sentence imposed shall not commence until the expiration of the imprisonment under the sentence for the crime of robbery in cause No. 37-699, and that defendant be delivered to the Department of Public Welfare for confinement in the penitentiary according to law. It was further ordered that the order of January 3, 1951, be entered of record in cause No. 37-700 *nunc pro tunc* as of April 22, 1937.

To authorize a court to amend the common-law record after it has passed beyond its jurisdiction, there must be a memorial by which the court is able to determine that there was in fact a misprision or mistake of the clerk in the entry of the judgment. Upon production of such memorial, the court may amend the record to make it speak the truth. In order to constitute a memorial from which to amend the record, some note or memorandum of the records or the judge's minutes must be produced. (*People* v. *Hall,* 407 Ill. 137.) Here, there was, in fact, a misprision or mistake of the clerk inadvertently made in entering up the judgment. This being so, the criminal court of Cook County properly permitted the record to be amended in the instant cause to show that the sentence of imprisonment in No. 37-700 for the crime of assault with intent to murder was to commence upon the expiration of the term of imprisonment in No. 37-699 for the crime of robbery.

The corrected transcript of record filed by the People discloses that defendant's contention is without support in

the common-law record. Contentions based upon a faulty record cannot be sustained where the record is corrected by the filing of an additional transcript showing the true state of the record. *People* v. *Hall,* 407 Ill. 137; *People* v. *Randolph,* 403 Ill. 434.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*