222

(No. 32106.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARCHIBALD B. MARX, Plaintiff in Error.

*Opinion filed January 24, 1952.*

ARCHIBALD B. MARX, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

In September, 1950, an indictment was returned in the criminal court of Cook County against the plaintiff in error, Archibald B. Marx, containing four counts. The first count charged larceny as bailee. The second count charged larceny by embezzlement of checks of the value of $4500. The third count charged larceny by embezzlement of currency of the value of $4500. The fourth count charged grand larceny of property of the value of $4500.

The trial was had before the court without a jury, and a verdict of guilty rendered. The judgment entered by the clerk was, "Defendant is guilty of larceny by embezzle-

ment in manner and form as charged in Count I of the indictment." Count I of the indictment as pointed out above, charged larceny as bailee. Plaintiff in error raises the point that the judgment was erroneous since the finding was guilty of embezzlement.

The People, upon learning of this assignment of error, made a motion in the criminal court of Cook County to have the record corrected to show that the true judgment rendered was guilty of embezzlement as charged in the second count of the indictment.

Notice was served upon the plaintiff in error of this motion and he appeared and filed his objections thereto. A hearing was had, and the proof disclosed that the clerk, by misprision, had incorrectly entered the judgment rendered by the court. The judge, from a memorial made in his own handwriting in the judge's trial book, found that the judgment the court pronounced was guilty on the first count of embezzlement of property of the value of $4000. It will be noted that there were two counts of embezzlement. The clerk improperly entered the judgment as guilty of the first count in the indictment. The criminal court, after the hearing on the motion, ordered the judgment corrected to speak the truth, so as to read as follows: "Defendant is guilty of larceny by embezzlement as charged in the first count of embezzlement; that is, Count II of the indictment and judgment is, defendant is guilty of larceny by embezzlement in manner and form as charged in the first count of embezzlement, namely, Count II of the indictment on the finding of guilty." This judgment, as corrected and amended, was ordered entered *nunc pro tunc* as of January 2, 1951, the date on which the original incorrect judgment was entered.

An inspection of the additional abstract discloses that the defendant was notified of the application to correct the judgment; hearing was had and all the requirements for correcting a judgment from an original memorial in writing

224

were observed by the court as required by procedural rules as indicated in *People* v. *Hall*, 407 Ill. 137.

Since the only objection made by the plaintiff in error is the informality of the judgment incorrectly entered on January 2, 1951, and that judgment has been amended by the trial court in the manner required by law for the correction of the judgment made on October 3, 1951, *nunc pro tunc* as of January 2, 1951, as indicated above, no error appears in the record upon which the plaintiff in error can rely to reverse this judgment. The judgment of the criminal court of Cook County is, accordingly, affirmed.

*Judgment affirmed.*