(No. 36365.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARTIN S. MICHAEL, Plaintiff in Error.

*Opinion filed November 30, 1961.*

MARTIN S. MICHAEL, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and RALPH S. PEARMAN, State's Attorney, of Paris, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, having waived indictment by the grand jury, pleaded guilty in the circuit court of Edgar County to an information charging him with the crime of uttering a fictitious check and was sentenced to the penitentiary for a term of not less than one year nor more than ten years. The clerk of the court, in expanding the judgment order in the record, erroneously recited that the charge was burglary and larceny. Thereafter, defendant filed in the trial court a petition for a writ of *habeas corpus,* apparently on the theory that this error rendered his sentence void. The State's Attorney thereupon filed a petition to correct the record to show that the defendant had been charged with uttering a fictitious check. Notice of the hearing on the petition was given defendant. The court, after a hearing, corrected the record to show the fictitious check charge and dismissed defendant's petition for a writ of *habeas corpus.*

On this writ of error, defendant does not dispute the fact that he pleaded guilty to the fictitious check charge and that he was sentenced to the penitentiary for a term of not less than one year nor more than ten years. He argues, however, that the trial court was without authority to correct the record and that he is entitled to be discharged on the basis of the original uncorrected record. These contentions are without merit. The original information, which is part of the record, was for the crime of uttering a fic-

titious check. The record clearly indicates that defendant waived indictment by a grand jury and pleaded guilty to the crime charged in the information. The transcript of proceedings shows that the court read the applicable statute (Ill. Rev. Stat. 1957, chap. 38, par. 279) to defendant twice, that he repeatedly referred to the fictitious check charge, and explained the range of possible penalties to defendant, and asked him if he was guilty of that crime, and that the defendant answered in the affirmative. Nowhere in the transcript, and nowhere in the record, except in the one instance which was corrected, is either burglary or larceny mentioned. Under these circumstances, there can be no doubt whatsoever that the reference in the record to a charge of burglary and larceny was purely a clerical mistake. We have held that the record in a criminal case may be amended after the term at which it was made has elapsed, by an order *nunc pro tunc,* when by reason of clerical misprision it does not speak the truth, provided there is a memorial by which the court is able to determine that there was in fact a misprision or mistake of the clerk in the entry of the judgment. (*People* v. *Duden,* 3 Ill.2d 16, 22.) Here the transcript and the other indisputably correct portions of the record more than satisfy the requirement of a memorial.

Defendant was served with notice of the hearing on the petition to correct the record, but was unable to respond because he was confined in the penitentiary. He contends that he was entitled as a matter of right to be present at the hearing, and that the court was without authority to correct the record in his absence. This precise situation and argument was considered in *People* v. *Ferguson,* 410 Ill. 87, where we held that defendant in a criminal case is not entitled, as a matter of right, to be present when proceedings are taken to correct the record.

The judgment of the circuit court of Edgar County is affirmed.

*Judgment affirmed.*