(No. 36862.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERBERT GLENN, Plaintiff in Error.

*Opinion filed May 25, 1962.*

McCoy, Ming & Leighton, of Chicago, (George N. Leighton, of counsel,) for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, and E. Michael O'Brien, Assistant Attorneys General, and John T. Gallagher and M. Robert Ostrow, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Hershey delivered the opinion of the court:

By writ of error defendant has brought before us the common-law record of his conviction in the criminal court of Cook County and challenges the validity of the judgment entered against him and the sentence imposed thereon.

In 1952 defendant was tried by the court without a jury on a two-count indictment. The first count charged him with the crime against nature; the second with taking improper and indecent liberties with a child. The common-law record, filed on October 20, 1961, states that the court found the defendant "guilty in manner and form as charged in the indictment" and entered judgment that the defendant "is guilty of the said crime of guilty in manner and form as charged in the indictment in this cause, and said finding of guilty," and that the court sentenced him to the penitentiary "for the crime of guilty in manner and form as charged in

the indictment whereof he stands convicted for a term of years, not less than five years, nor more than twenty years for the crime whereof he stands convicted."

The sentence of from 5 to 20 years was within the statutory range of penalties for the crime of taking indecent liberties but not for the crime against nature. Ill. Rev. Stat. 1951, chap. 38, pars. 109, 141.

Defendant contends that the judgment and sentence are either void or reversibly erroneous, because of the failure to specify the crime of which he was adjudged guilty and for which he was sentenced.

On February 10, 1962, the People filed a supplemental record showing that, on January 26, 1962, the trial court ordered the record corrected to show that judgment and sentence had been entered on the second count of the indictment, that is, on the indecent liberties charge. As part of the supplemental record, the People have filed the corrected common-law record, showing judgment and sentence under count II of the indictment.

The correction of the record was made after proper notice and after a hearing at which defendant was represented by counsel, and was based on an entry in the trial judge's handwriting in his trial book, made contemporaneously with the pronouncement of judgment and sentence, clearly showing that judgment and sentence were entered under count II of the indictment. The record in a criminal case may be amended after the term at which it was made has elapsed, when by reason of clerical misprision it does not speak the truth, provided there is a memorial by which the court is able to determine that there was in fact a misprision or mistake on the part of the clerk in the entry of the judgment. (*People* v. *Michael,* 23 Ill.2d 338, 340; *People* v. *Duden,* 3 Ill.2d 16, 22.) The requirement of a written memorial is satisfied by the entry in the judge's trial book.

We do not understand the defendant to contest the va-

lidity of the foregoing propositions or to deny that this would normally be a proper case for the correction of the record. He contends, however, that, after a person has been sentenced and delivered to the proper officers under a penitentiary *mittimus,* the trial court loses jurisdiction over the case and is without power to modify its judgment (*People* v. *Wakeland,* 15 Ill.2d 265) and argues that this is particularly true after a writ of error has issued and the jurisdiction of this court has been invoked. *People* v. *Miller,* 13 Ill.2d 84.

We agree with the general proposition that the trial court was without authority to modify its judgment. That proposition, however, has no application here. What is here involved is not a modification of the judgment of the court, but a correction of the record to make it accurately reflect the judgment that was in fact entered. Although a court may lose jurisdiction of a case, it does not lose jurisdiction over its own records, and the fact that an appeal has been taken does not deprive the lower court of the power to correct its record. (21 C.J.S., Courts, sec. 234, p. 438.) The present case is indistinguishable from other cases in which we have recognized that a trial court may correct its own record when the case is pending in this court on writ of error. (*People* v. *Puschman,* 409 Ill. 264; *People* v. *Trygg,* 409 Ill. 268; *People* v. *Hall,* 407 Ill. 137; *People* v. *Knight,* 308 Ill. 182, 188.) Defendant's contention that the trial court was without power to correct its record is not well taken.

The record as corrected obviates the contention of the defendant that the judgment and sentence are defective for failure to indicate the crime for which he was adjudged guilty and sentenced. Contentions based on a faulty record cannot be sustained when the record is corrected by the filing of an additional transcript consisting of the corrected complete common-law record showing the true state of the

record. *People* v. *Puschman,* 409 Ill. 264; *People* v. *Hall,* 407 Ill. 137; *People* v. *Randolph,* 403 Ill. 434; *People* v. *Burke,* 400 Ill. 240; *People* v. *Webb,* 392 Ill. 524.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*