THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SHELBY EUGENE STIGER, Defendant-Appellant.

Fourth District   No. 15116

Opinion filed March 15, 1979.—Rehearing denied April 13, 1979.

J. Bruce Smith, of Bloomington, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert C. Perry and Jane F. Bularzik, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

This appeal concerns the question of whether a trial court may make a *nunc pro tunc* amendment to a sentence imposed in a criminal case to deny the defendant credit for time spent on probation when the basis for the amendment is that under the circumstances of record, that court would logically have intended to do so.

The appeal is taken by defendant Shelby Eugene Stiger from a judgment of the circuit court of McLean County entered on August 7, 1978, revoking his probation and sentencing him to 1 to 3 years' imprisonment for the original offense of forgery. His notice of appeal contains a stamp by the clerk of the circuit court indicating that it was filed on August 9, 1978, at approximately 10:16 a.m. At issue is the question of whether defendant is entitled to credit for the time that he served on probation.

At all times pertinent, section 5—6—4(h) of the Unified Code of

Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(h)) stated that upon revocation of probation, the defendant's time served while he was on probation shall be credited to his sentence "unless the court orders otherwise." Here, in pronouncing sentence, the report of proceedings shows that the judge made no reference to credit for the time defendant had served on probation. A docket entry for August 7, 1978, made by the clerk and initialed by the judge was likewise silent on the subject. So was a mittimus issued that day. The mittimus consisted of a certified copy of the court's order of revocation and sentence as expanded by the clerk. The foregoing were the only records made as to the order of the court.

The parties agree that subsequent to August 7, 1978, a handwritten notation was made on the margin of the docket entry concerning the sentence. This notation was initialed by the judge and provided that the sentence was to be "without credit for the time served on probation." The parties also agree that subsequent to August 7, 1978, a new mittimus was issued purporting to be issued on August 7, 1978. It incorporated in its recitation of the order certified, the provision that the sentence was to be "without credit for the time served on probation." On September 22, 1978, defendant filed a motion in the trial court to correct the record to show that the aforesaid changes in the record were made subsequent to defendant's filing of his notice of appeal on August 9, 1978, at 10:16 a.m. The motion was made pursuant to Supreme Court Rule 329 (58 Ill. 2d R. 329) made applicable to criminal cases by Supreme Court Rule 612(h) (58 Ill. 2d R. 612(h)). Rule 329 authorizes a trial court to correct its record even after the record has been filed in the reviewing court.

Defendant's stated purpose in making the motion to correct the record was to show that the changes in the record were made after notice of appeal had been filed. If this was so and the changes amounted to a modification of the sentence, the court would have no jurisdiction to do so. (*People v. Glenn* (1962), 25 Ill. 2d 82, 182 N.E.2d 670.) The trial court found that the information brought before it was inconclusive as to when the changes were made and denied the motion. The record presented on appeal is supplemented by the report of proceedings of the hearing on the motion to correct the record.

Defendant's theory on appeal is that he is entitled to credit for all of the time served on probation pursuant to the terms of section 5—6—4(h) of the Unified Code of Corrections because no valid provision of a court order provides otherwise. He maintains that (1) the trial court was powerless to make the docket entry change, (2) in any event the pronouncement of the sentence in open court prevails over the docket entry, and (3) any change in the sentence order to deny credit for probation time would be an impermissible increase in the sentence. The State agrees to defendant's alternate assertion that regardless of this

court's determination of the foregoing contentions, he is entitled to credit for the 90 days he spent in jail as a condition of his probation.

The thrust of the State's argument is that regardless of whether the change in the docket entry and mittimus was made before or after filing notice of appeal, the trial court had authority to do so to correct the record of the sentence where, after examining the entire record, the sentence would otherwise be meaningless. The precedent for its theory arises from the cases of *People v. Peatry* (1976), 38 Ill. App. 3d 332, 347 N.E.2d 169; *People v. Clark* (1976), 43 Ill. App. 3d 117, 356 N.E.2d 1144; and *People v. Webb* (1976), 38 Ill. App. 3d 629, 347 N.E.2d 486.

*Peatry* and *Clark* involved appeals to the appellate court for the second district from companion cases where the defendants had been convicted of murder, attempt murder and armed robbery. Both the report of proceedings and the common law record reflected that the trial court imposed a single sentence of 40 to 120 years' imprisonment for each defendant. After notice of appeal was filed and without notice to the defendants, the trial court changed the common law record to recite that the sentences were to be separate concurrent sentences of 40 to 120 years as to each offense. On appeal, the concurrent sentences were affirmed. The appellate court stated in *Peatry*:

"We agree generally with defendant's claim that after the notice of appeal is filed the trial court does not retain jurisdiction to modify the judgment. (See *People v. Glenn*, 25 Ill. 2d 82, 85 (1962). See also *People v. Green*, 34 Ill. App. 3d 153, 156 (1975); *People v. Kleba*, 1 Ill. App. 3d 563, 565 (1971).) The fact that an appeal has been taken, however, does not deprive a trial court of jurisdiction over its record or of the power to correct it. (*People v. Glenn*, 25 Ill. 2d 82, 85 (1972).) It has also been held that the defendant is not entitled to counsel at proceedings to correct the record. *People v. Ferguson*, 410 Ill. 87, 90 (1951). See also *People v. Michael*, 23 Ill. 2d 338, 340 (1961).

On the record before us we conclude the court obviously did not intend to negate convictions of separate offenses arising from different acts based on jury verdicts or to enter incomplete judgments. (See *People v. Gregory*, 77 Ill. App. 2d 188, 193, 222 N.E.2d 182 (1966). Cf. *People v. Wilson*, (1976). [Citation.] Therefore, the court could correct the record to make it comport with the apparent intention to impose sentences on each of the separate convictions." 38 Ill. App. 3d 332, 340, 347 N.E.2d 169, 175.

In *Webb* after a bench trial of defendants charged with armed robbery, the trial court, according to the report of proceedings, pronounced the defendants guilty of robbery but sentenced them for

armed robbery, and the notices of appeal filed by each defendant stated that the appeals were taken from convictions of armed robbery. The court on appeal stated that the common law record ordinarily purports verity but when it is contradicted by the report of proceedings, the reviewing court should look at the whole record to resolve any conflicts. The court noted that the evidence indicated that a gun was used in the robbery and concluded that the defendants had been found guilty of armed robbery.

■■ Section 5—8—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(d)) prohibits a modification of a sentence to increase its length even if the modification is made within 30 days of the pronouncement of the sentence and prior to filing notice of appeal. A modification of a sentence to deny credit for the time served by the defendant on probation would have the effect of increasing the length of the sentence. (See *People v. Calloway* (1977), 44 Ill. App. 3d 881, 358 N.E.2d 890; *People v. Cotto* (1977), 49 Ill. App. 3d 382, 364 N.E.2d 386; *People v. Peach* (1976), 39 Ill. App. 3d 757, 350 N.E.2d 583.) Thus the trial court's action in changing the record would have been improper unless it was a *nunc pro tunc* correction of the sentence rather than a modification. As the change in the docket entry and the mittimus certifying the order of sentence both purported to speak as of the date of the pronouncement of sentence, the theory supporting the changed order is that it was a *nunc pro tunc* correction.

Thus, regardless of whether the order change was made before or after the filing of notice of appeal, we are faced with the question of whether the trial court could properly make a *nunc pro tunc* change in the order on the basis that a denial of full credit for time spent on probation must have been intended. Defendant had served over 2½ years on probation and the trial court indicated an intention of imposing a sentence of substance. A sentence of 1 to 3 years' imprisonment with credit for over 2½ years on probation was not such a sentence and was almost meaningless. We can only conclude that the trial judge intended to deny credit for time spent on probation but inadvertently failed to do so.

No supreme court case has been called to our attention ruling upon whether a court order may be corrected to conform to the order the court would logically have intended to pronounce but did not. Rather it has held that the record may not be amended merely from oral testimony or recollections of the judge but that an amendment must be based upon a note or memorandum in the record, the minutes of the judge or papers on file in the case (*Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457; *Pinkstaff v. Pennsylvania R.R. Co.* (1960), 20 Ill. 2d 193, 170 N.E.2d 139; *People v. Miller* (1936), 365 Ill. 56, 5 N.E.2d 458). In *People v.*

*Chitwood* (1977), 67 Ill. 2d 443, 367 N.E.2d 1331, the supreme court ruled that a trial court record could properly be amended by affidavit to show that the defendant did actually waive jury trial in open court.

The appellate case of *Webb* was consistent with the traditional rule in that documents of record supported a determination that he was found guilty of armed robbery although, as in the instant case, the open court pronouncement of the order in question as shown by the report of proceedings did not so state. *Peatry* and *Clark* are more like the instant case in that memoranda of record did not support the correction made of the sentencing orders. Those corrections were approved primarily because the corrected order was the one the judge would logically have entered. However, the appellate court did note that the convictions were for separate offenses and that sentencing orders not corresponding to each conviction were incomplete. Here, on the other hand, the sentencing order as pronounced was complete. Section 5—6—4 of the Unified Code of Corrections provides that credit for probation time is credited unless the court orders otherwise.

Although the intention of the court in the instant case appears clear, and failure to uphold the court's change in the order will give the sentence little effect, we are even more concerned with the problems arising from a rule permitting *nunc pro tunc* amendment to an order merely because the order as pronounced was illogical under the circumstances of record. In the absence of supreme court precedent authorizing such a rule and with incomplete analogy to decisions of appellate courts of other districts, we decline to invoke such a rule.

We conclude that the *nunc pro tunc* order amending the record in the instant case to incorporate a denial of time served on probation within the sentencing order was improper. We reverse the sentence as so amended, and remand the case to the circuit court of McLean County with directions that the sentencing order be amended to grant the defendant credit for 2 years and 219 days served on probation. We also direct that an amended mittimus issue.

Reversed and remanded.

MILLS and TRAPP, JJ., concur.