THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CRAIG BELL, Defendant-Appellant.

Fourth District   No. 4—91—0219

Opinion filed September 24, 1991.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

The defendant appeals from the Sangamon County circuit court's revocation of his probation and the 3½-year sentence imposed. We affirm.

The defendant pleaded guilty to burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1) on December 19, 1989, and was sentenced on January 2, 1990, to 30 months' probation. Among other things, the probation order required the defendant:

"16. *** [U]ndergo a drug evaluation and successfully complete any treatment recommended as a result thereof.

17. *** [P]ay a $10.00 per month probation fee.

18. *** [P]erform 40 hours public service employment at direction of Probation Department."

The State filed a petition to revoke defendant's probation on August 21, 1990, alleging defendant failed to successfully complete public service employment, failed to successfully complete an alcohol and drug treatment program, and failed to pay the probation fee imposed.

The revocation hearing took place on January 3, 1991. Vicki Burdine, defendant's probation officer, testified defendant kept most appointments with her but was often argumentative and abusive toward her and exhibited a poor attitude. She testified defendant completed no public service work and did not complete the alcohol and drug treatment program that was recommended after his evaluation. He was discharged from the treatment program because he failed to keep appointments. He was also behind in paying probation fees but had sufficient income in excess of expenses to do so.

The defendant testified he was employed at McDonald's. He agreed with Burdine's testimony regarding his monthly income and expenses, though he stated he also pays $100-per-month child support pursuant to a Michigan court order. He admitted he had not informed Burdine of this expense because he believed it was none of her business. He testified he did not know the drug evaluation was mandatory and indicated he did not need treatment because he had rehabilitated himself. He also claimed he would have lost his job had he enrolled in the 30-day treatment program. The defendant testified he had paid $50 in probation fees. He indicated he had done no public service employment work because he did not know when or where to go. He also believed he could complete the 40-hour requirement at any time during the 30-month period of probation.

On rebuttal, Burdine testified she repeatedly explained to the defendant department policy allowed three appointments for public service employment. If none were kept, a probation violation report would be filed. She testified she set up seven appointments with the public service coordinator to arrange public service employment for the defendant but he kept none of them.

The court found the defendant violated the terms of probation because he had sufficient income to pay the probation fees but had not done so, he failed to do any public service employment work, and he failed to go for drug counseling. The court sentenced the defendant, on February 28, 1991, to 3½ years' imprisonment.

■■ On appeal, the defendant first argues the court abused its discretion in revoking his probation and imposing a 3½-year sentence. The State bears the burden of proving, by a preponderance of the evidence, the defendant violated a condition of probation. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(c).) The trial court may revoke probation at any time "if warranted by the conduct of the offender and the ends of justice." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—2(c).) "The determination to terminate probation rests within the discretion of the trial court, and, absent a showing that the court's determination was against the manifest weight of the evidence, this court will not disturb the trial court's ruling." (*People v. Prusak* (1990), 200 Ill. App. 3d 146, 149, 558 N.E.2d 696, 698; see also *People v. Willett* (1976), 44 Ill. App. 3d 545, 550, 358 N.E.2d 657, 662; *In re B.R.J.* (1985), 133 Ill. App. 3d 542, 545, 478 N.E.2d 1206, 1208.) The appellate court affirmed the trial court's revocation of probation in *B.R.J.*, where the defendant failed to report to the probation office on two occasions, failed to report to at least three public service work sites, and performed only 9 out of 75 required hours of public service work.

■ Essentially the defendant argues substantial compliance with the probation order is sufficient. We disagree. Compliance with the terms of probation is not discretionary, but mandatory. Failure to comply with just one term may be sufficient to revoke probation even when the defendant has substantially complied with all other terms.

■ Defendant admitted he did not comply with the public service employment requirement of the probation order, and claimed he believed he could complete the public service work at any time during the 30-month probation period. He notes the probation order does not specify a time frame in which the work was to be completed. However, as the defendant also notes, the work was to be

performed *as directed* by the probation department. Burdine testi-
fied on rebuttal she informed the defendant on many occasions of
the necessity of completing public service employment work.

"Q. [By prosecutor:] Did you make it clear that you consid-
ered it a violation for him not to have done it when you were
talking to him?

A. [By Burdine:] Yes.

Q. What was his response to that?

* * *

A. To being a violation, that he had until June 20th to do
it, which if that were the case, then we would have been set-
ting up appointments for two years. If he was going to wait
until the last minute, and it's procedure that a Defendant is
given three appointments, if they fail to keep those three ap-
pointments, a violation is filed."

This testimony contradicts defendant's claim the probation office
never warned him failure to keep the appointments would result in
revocation of probation.

Although defendant completed the drug evaluation, he admitted
he did not complete the treatment program because he did not be-
lieve he needed treatment. Defendant maintains he rehabilitated
himself and notes there is no evidence to contradict this assertion.
Because he no longer uses drugs, he claims the purpose of the
drug-treatment requirement has, in effect, been fulfilled. The trial
court properly rejected this argument. Defendant's personal beliefs
regarding treatment are irrelevant. He failed to comply with the re-
quirements of the probation order.

We conclude the evidence was sufficient to prove defendant vio-
lated conditions of probation, and it was not an abuse of discretion
to revoke defendant's probation for failure to comply with the pub-
lic service employment requirement and failure to complete the
drug-treatment program.

■ The second issue defendant raises involves the probation
fees. The court found defendant did not pay probation fees and
used this as one of the grounds for revoking probation. Defendant
argues he paid $50 of his probation fees but could not afford to pay
all fees on time. He maintains the probation order does not require
payment of $10 each month, but payment of $10 for each month of
probation imposed. Thus, he contends he could pay the total amount
in a lump sum at some time before the end of the probation period.
Defendant also argues the record does not indicate Burdine ever
told him failure to pay the probation fee on a monthly basis could

result in revocation of probation. Finally, defendant argues the court erred in revoking probation for failure to pay probation fees because there was no finding he wilfully failed to pay.

Section 5—6—4(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(d)) prohibits revocation of probation for failure to pay restitution unless such failure is wilful. The State has the burden of proving defendant's failure to comply with financial portions of a probation order was wilful. (*People v. Boucher* (1974), 57 Ill. 2d 225, 311 N.E.2d 679; *People v. Harder* (1975), 59 Ill. 2d 563, 322 N.E.2d 470.) The court here found although defendant had sufficient income to pay the probation fee each month, he simply did not pay. This determination is the equivalent of finding his failure to pay was wilful. Whether payment of the probation fee was convenient for defendant is not the standard.

Defendant chose to test the conditions of his probation to the limit. His attitude was he need not inform his probation officer of personal information unless he deemed it to be her business. He need not comply with the treatment recommendation of the Treatment Alternatives to Street Crimes evaluation because he rehabilitated himself. He need not complete his public service work requirement until convenient for him. He need not stay current on his probation fees because he had other unspecified expenses. Defendants do not control the terms of probation nor the manner in which they comply with those terms. Scarce resources should not be wasted on offenders who do not comply with the simplest of rules.

The order of the Sangamon County circuit court revoking the defendant's probation and sentencing him to 3½ years' imprisonment is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.