THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TODD HARLAN, Defendant-Appellant.
Fourth District   No. 4—91—0112

Opinion filed September 24, 1991.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Monroe D. McWard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

The defendant appeals from the Champaign County circuit court's revocation of his probation, arguing error in the refusal to sentence him to intensive probation supervision (IPS) and the seven-year sentence imposed for burglary. We affirm.

The defendant pleaded guilty to burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)) on November 21, 1989, and was sentenced to 30 months' probation. The State filed a petition to revoke probation on March 30, 1990, alleging the defendant failed to ever report to the probation office, failed to appear for his intake interview, and failed to notify the probation office of a change of residence. On January 30,

1991, the court revoked the defendant's probation and sentenced him to seven years' imprisonment for burglary.

Although the defendant had been found qualified for IPS, the court declined to sentence him to IPS. The court cited the defendant's "deplorable" record in the criminal justice system as the reason for denying IPS. The defendant, born in 1966, had 13 misdemeanor convictions and one felony conviction between 1983 and 1990. The court commented: "There is very little, if anything, in this report, or anything that's been presented here that could be considered any significant mitigation. I simply think on this record that a community-based sentence would simply be inconsistent with the ends of justice."

On appeal, the defendant argues the trial court abused its discretion in refusing to sentence him to IPS. Defendant claims he should have been sentenced to IPS because he met the minimum qualifications for the program, successfully completed probation in St. Clair County in 1983-84, and had no disciplinary problems while incarcerated for the felony conviction.

■ Section 5—6—1(a) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—1(a)), provides:

"Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:

(1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or

(2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice."

The decision to grant probation lies within the discretion of the trial court; "a defendant has neither an inherent nor a statutory right to probation." (*People v. Sprouse* (1981), 94 Ill. App. 3d 665, 677, 418 N.E.2d 1070, 1079.) The defendant here failed to cooperate with probation authorities during his sentence of probation. He had no right to be readmitted to a more strict form of probation on revocation. Eligibility for IPS does not mean IPS will automatically be imposed.

■ IPS is a special and highly structured program. It can be a viable alternative to imprisonment *if* the trial court sees evidence of rehabilitative potential *and* there is reason to believe the defendant can strictly adhere to the conditions of the program. The defendant here has a lengthy record, a prior felony conviction, and demon-

strated his cavalier attitude toward a community-based sentence when he blithely failed to ever report to the probation office, failed to appear for intake, and failed to notify the probation office of a change in residence. Scarce resources should not be wasted on uncooperative offenders who demonstrate no willingness to abide by the simplest of conditions.

Given the defendant's criminal record and, as the trial court stated, his failure to "reflect upon his situation" while incarcerated for a prior felony, the court did not abuse its discretion in declining his request for IPS. Such a sentence would have been, as the trial court found, "inconsistent with the ends of justice." Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—1(a)(2).

Alternatively, the defendant argues the seven-year sentence imposed for burglary was excessive. According to the information and indictment, the defendant took merchandise valued at $21.32 from Kohl's Department Store in Champaign, Illinois. Defendant pleaded guilty to the burglary. He now argues seven years is excessive because the merchandise was worth only $21.32.

Burglary is a Class 2 felony, for which the court can impose a sentence of not less than three and not more than seven years' imprisonment. (Ill. Rev. Stat. 1989, ch. 38, pars. 19—1(b), 1005—8—1(a)(5).) The sentence imposed did not exceed the sentence allowed by law and, in light of defendant's prior criminal record, was not excessive.

The order of the Champaign County circuit court revoking the defendant's probation and sentencing him to seven years' imprisonment is affirmed.

Affirmed.

LUND, P.J., and McCULLOUGH, J., concur.