THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN R. GRAHAM, Defendant-Appellant.

Fourth District   No. 4—91—0841

Opinion filed June 4, 1992.

Kristen H. Fischer, of Kristen H. Fischer Law Offices, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, John Graham, pleaded guilty to driving under the influence (DUI), a Class A misdemeanor. (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501(a)(1), (c).) The Champaign County circuit court sentenced him to 24 months' probation but, after defendant indicated he did not believe he could comply with the terms of proba-

tion, the court vacated the sentence of probation and sentenced him to 364 days' incarceration. The defendant appeals the imposition of the sentence of incarceration. We affirm.

Defendant's presentence investigation report indicates he is 43 years old. He has been employed sporadically and previous employers have rated his job performance as fair or poor. They stated he was not dependable and was often absent due to his drinking problem. The report showed two DUI convictions, one in 1986 and one in 1990. An alcohol and drug evaluation report diagnosed defendant at level III, problematic use/dependence (high risk) (see 92 Ill. Adm. Code §1001.410, at 6352 (1991)) and recommended outpatient treatment for alcohol abuse.

At the sentencing hearing in October 1991, defendant made a statement in which he argued incarceration was not in his best interest and instead sought probation. He described the evaluation process as aggravating and felt he had been mistreated during the evaluation. He believed the assessment of his alcohol use was inaccurate.

The court announced a sentence of 24 months' probation with the following conditions: report to the county court services department; pay court costs within a specified time; pay a probation fee of $10 per month; obtain 75 hours of outpatient alcohol and drug treatment, followed by a minimum of 22 hours of follow-up service at a licensed alcohol treatment agency; serve 180 days in jail; and attend three Alcoholics Anonymous (AA) meetings each week while not incarcerated.

The court indicated the defendant would be released from incarceration on November 25, 1991, so he could begin to receive treatment. He was to report back to the court in January 1992 with proof of treatment and attendance at AA meetings and compliance with other terms of probation. If defendant met these conditions, the court stated he would not be sent back to jail, *i.e.*, the remainder of the 180 days' incarceration could be remitted. The following colloquy then immediately occurred:

"THE DEFENDANT: Your Honor, you've taken away my means of even accomplishing the first part of it. I will lose not only my place of residence but my source of income and everything. I have no transportation. I—

THE COURT: Are you telling me [that] you're not going to do these things, Mr. Graham?

THE DEFENDANT: You've made it impossible for me to complete by putting me in jail.

THE COURT: Are you telling me you're not going to do these things, Mr. Graham?

THE DEFENDANT: I'm telling you, your Honor, you have made—

THE COURT: No, Mr. Graham. I haven't made anything impossible for you. You—this could be a felony matter where you could be going to the penitentiary. Sir, you have made this possible for yourself. What I am doing, sir, is giving you a break. If you aren't going to do it, if you're telling me you're not going to do it, you might as well tell me—

THE DEFENDANT: Your Honor—

THE COURT: —and save both of us time.

THE DEFENDANT: I can't say I can do something I don't think I can do.

THE COURT: Well, then fine. Show prior orders vacated. Defendant is sentenced to the Champaign County Correctional period [*sic*] for a period of 364 days with credit for 7 days' time served.

Mr. Graham, at this point, if you're not going to try, if you don't feel that there's any possibility, if you're telling me you're not going to do it, then I accept that, sir, and I will sentence you just to 364 days in jail. I will give you credit for the 7 days already served.

I told you you had a choice. It would appear from your attitude from what you [have] told me about this matter that you are a person who will not be able to be trusted. If you are a person who will not do what they're supposed to day [*sic*] because you don't believe that you have the ability or means to do it, I can accept that, sir; and at this point I will do that for you and not give you the hassle of having to deal with me. So, you'll just go to jail for 364 days and be ordered to pay the costs in this matter.''

The court later denied defendant's motion to reconsider the sentence. This appeal followed.

■ The first issue is whether the court had authority to impose the sentence of incarceration. Section 5—8—1(c) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)), states, in part: "[T]he [trial] court may reduce [or modify] a sentence without motion, within 30 days after the sentence is imposed. However, the court may not increase a sentence once it is imposed." Subsection (c) of this section applies to misdemeanor as well as felony cases. *People v. Cornett* (1975), 29 Ill. App. 3d 244,

247, 329 N.E.2d 922, 925 (discussing section 5—8—1(d) of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(d)), predecessor to present section 5—8—1(c)).

On appeal, defendant argues the court improperly *increased* his sentence in violation of section 5—8—1(c) of the Code. (*People v. Stiger* (1979), 69 Ill. App. 3d 188, 191, 387 N.E.2d 55, 57 (discussing section 5—8—1(d) of the Code (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(d)), predecessor to present section 5—8—1(c)).) According to the defendant, the court's oral pronouncement of the sentence was the judgment of the court and the later sentence of incarceration was barred because it constituted an increase in punishment. We disagree with the defendant's characterization of the proceedings.

■ "[I]n a criminal proceeding, the pronouncement of the sentence is the judicial act which comprises the judgment of the court. The entry of the sentencing order is a ministerial act and is merely evidence of the sentence." (*People v. Williams* (1983), 97 Ill. 2d 252, 310, 454 N.E.2d 220, 248; see also *People v. Allen* (1978), 71 Ill. 2d 378, 381, 375 N.E.2d 1283, 1284.) In this case the trial court clearly intended to honor the defendant's request and sentence him to probation. However, before the trial judge could conclude the sentencing hearing, the defendant interrupted and indicated he could not or would not comply with the terms of probation. Once the judge learned of defendant's recalcitrance, he immediately imposed the sentence of incarceration. We conclude the court had the authority to impose 364 days' incarceration because the sentencing hearing had not yet concluded, the defendant rejected the conditions of probation and thus rejected the sentence itself, and the court acted immediately.

■ The court's prompt action also conserved judicial resources. A trial judge need not enter judgment on a sentence of probation when the defendant has just informed the court he will not comply with the terms of probation. This would necessitate additional action by the court at a later date, probably in the form of a probation revocation hearing. "Scarce resources should not be wasted on uncooperative offenders who demonstrate no willingness to abide by the simplest of conditions." *People v. Harlan* (1991), 219 Ill. App. 3d 255, 258, 579 N.E.2d 1152, 1154; see also *People v. Bell* (1991), 219 Ill. App. 3d 264, 268, 579 N.E.2d 1154, 1157.

We must now determine whether the court abused its discretion in imposing this sentence. Defendant argues it is excessive. We disagree. The sentence did not exceed statutory limits. (Ill. Rev. Stat.

1989, ch. 38, par. 1005—8—3(a)(1).) Given defendant's record of prior DUI convictions, his unwillingness to accept the diagnosis of the severity of his alcohol problem, and his unwillingness to comply with the terms of probation, the court did not abuse its discretion in sentencing him to 364 days' incarceration.

The judgment of the Champaign County circuit court is affirmed.

Affirmed.

McCULLOUGH and LUND, JJ., concur.