NOTICE

Decision filed 08/03/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190388-U

NO. 5-19-0388

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Shelby County. |
| | ) | |
| v. | ) | No. 17-CF-106 |
| | ) | |
| KASEY M. WILEY, | ) | Honorable |
| | ) | Allan F. Lolie, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Wharton concurred in the judgment.

**ORDER**

¶ 1     *Held*: The State proved, by a preponderance of the evidence, the defendant's noncompliance with the conditions of drug court, and the circuit court did not abuse its discretion in sentencing the defendant to 4½ years of imprisonment for residential burglary, and since any argument to the contrary would lack merit, the defendant's appointed counsel on appeal is granted leave to withdraw, and the judgment of conviction is affirmed.

¶ 2     The defendant, Kasey M. Wiley, pleaded guilty to residential burglary, and was found eligible for drug court. She participated in drug court for several months. Then, the State filed a petition to revoke her participation. After a hearing, the State's petition was granted. She was subsequently sentenced to imprisonment for 4½ years. The defendant now appeals from the judgment of conviction. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit. Accordingly,

1

it has filed with this court a motion to withdraw as counsel, as well as a brief in support thereof. See *Anders v. California*, 386 U.S. 738 (1967). This court granted the defendant an opportunity to file a written response to OSAD's motion, or a brief, memorandum, etc., explaining why her appeal has merit, but she has not taken advantage of that opportunity. After examining OSAD's *Anders* motion and brief, along with the entire record on appeal, this court agrees with OSAD that this appeal has no merit. Accordingly, OSAD is granted leave to withdraw, and the judgment of conviction is affirmed.

¶ 3                                BACKGROUND

¶ 4                                 The Charge

¶ 5     In November 2017, the defendant was charged with residential burglary. See 720 ILCS 5/19-3(a) (West 2016). She was accused of entering the residence of Angela Oldham without authority, and with the intent to commit therein a theft.

¶ 6                    Plea of Guilty and Participation in Drug Court

¶ 7     On May 18, 2018, the defendant, defense counsel, and a prosecutor appeared before the circuit court. They announced a plea agreement, which included admission to the drug court program. The circuit court admonished the defendant as to the nature of the charge and the possible penalties, including imprisonment for 4 to 15 years, to be followed by mandatory supervised release (MSR) for 2 years. The court further admonished the defendant as to her right to plead guilty or not guilty, her right to a trial, her rights at trial, the State's burden of proof, and the consequences of a guilty plea, and the defendant indicated her understanding. The defendant pleaded guilty to residential burglary. In response to the court's queries, the defendant confirmed the terms of the plea agreement, and also confirmed that no force, threats, or promises, apart from the plea agreement itself, had been used to obtain the plea. The court found that the plea was

2

voluntary. The State presented a factual basis for the plea; defense counsel and the defendant concurred, and the court determined that there was a factual basis for the plea.

¶ 8 The court was presented with a drug-court contract describing participation in the program and a paper agreeing to all the terms and conditions of the program, both signed by the defendant. The court admonished her as to participation in the drug court program and all of the program's terms and conditions. See 730 ILCS 166/25 (West 2018) ("Procedure" for Drug Court Treatment Act). Among those admonishments was the court's statement that drug court is generally a two-year program, and if the defendant successfully completed it, her charge would be dismissed, but if she violated the conditions of her participation, she could be sentenced to prison. The defendant indicated her understanding of the terms and conditions of drug court. The court admitted her into the drug court program. 730 ILCS 166/20 (West 2018) ("Eligibility" for Drug Court Treatment Act).

¶ 9 The judge signed and entered a "drug court order." In the order, the "conditions of drug court" included that the defendant not violate any criminal statute, that she not consume any alcoholic beverages, and that she submit to random testing for various substances, including alcohol. The defendant signed an acknowledgment of receipt and an agreement to abide by all conditions.

¶ 10 For the next eight months or so, the drug court held regular hearings on the defendant's progress. These were, more or less, favorable.

¶ 11 Petition to Revoke Drug-Court Participation, and Hearing Thereon

¶ 12 In February 2019, the State filed a "petition to revoke drug court probation." In March 2019, the State filed an "amended petition to revoke drug court probation." In its amended petition, the State alleged, *inter alia*, that on February 9, 2019, the defendant (1) committed the offense of

3

defrauding a drug and alcohol screening test and (2) tested positive for, and admitted to drinking, alcohol.

¶ 13    On March 29, 2019, the court held a hearing on the State's amended petition to revoke drug-court probation.  The State called two witnesses, Teresa Bauer and Heather Wade, whose testimony included the following.

¶ 14    Teresa Bauer testified that she was a court service specialist with the Shelby County probation department.  Her duties included performing alcohol testing on the urine screens of defendants.  She tested the defendant's urine on February 15, 2019, and it tested positive for alcohol.  The urine had been collected from the defendant, outside the presence of Bauer, on February 9, 2019, and it was kept in the probation office's refrigerator until Bauer tested it.

¶ 15    Heather Wade testified that she was a Shelby County probation officer, who supervised all of the drug-court defendants.  She recalled that during the morning of February 9, 2019, she received information that led her to think that she needed to test the defendant's urine, and so she contacted the defendant.  The two soon met at the courthouse, where the probation office was located.  In a bathroom, Wade stood outside the stall while the defendant provided a urine sample. Wade was observing the defendant, who insisted on putting her hands behind her back due to the pain she experienced as the result of a recent automobile accident.  Finding this placement of the hands unacceptable, Wade told the defendant to step out of the stall.  Wade began to search the defendant for contraband.  As she searched a pocket of the defendant's "very long sweatshirt," a sealed blue bottle fell from the garment and onto the floor.  The defendant said that the bottle contained "essential oils."  Wade and the defendant agreed to meet later in the day.

¶ 16    At around noon that day, Wade was again at the courthouse to greet the defendant.  Wade observed her provide a urine sample, which she immediately tested.  The urine sample tested

4

positive for alcohol. As for the remainder of the sample, Wade wrapped it up and placed it in the probation office's refrigerator. (It was this sample that Teresa Bauer tested on February 15, 2019.) Wade asked the defendant if she had been drinking, and the defendant answered that she "had drank [*sic*] a shot of vodka" the previous night. Wade then asked about the plastic bottle that had earlier fallen from her sweatshirt, and the defendant admitted that she had brought the urine of her seven-year-old daughter in order to alter her sample.

¶ 17 The defendant did not present evidence at the revocation hearing. Each side presented argument.

¶ 18 The court found that the State had proven, by a preponderance of the evidence, that the defendant committed the offense of attempt (defrauding a drug and alcohol screening test), even if the State had not proven the completed crime, as alleged. In regard to the consumption-of-alcohol allegation, the court noted that the defendant had admitted drinking alcohol. "So even without the positive test, the court would find that was the case," said the judge. "So the State has met the burden there."

¶ 19 Sentencing

¶ 20 On June 14, 2019, the circuit court held a sentencing hearing. Natalie Inman testified that she was the clinical supervisor of the substance abuse program at Shelby County Community Services (SCCS). She also was the defendant's primary substance abuse counselor from November 2016 until her admission into the drug-court program. After the defendant was admitted to drug court, Amy Clarey took over as her counselor. The defendant participated in group therapy and in groups for "coping skills" and "relapse prevention," as well as individual substance-abuse counseling. Substance-abuse testing is part of the counseling. The defendant's last positive urine screen with SCCS was on March 18, 2019.

¶ 21    Ed Lacheta Jr., the clinical director for SCCS, testified that he had been the defendant's outpatient mental-health counselor since May 2018, when she began participation in drug court. He met with her weekly, in groups and individually, to address her anxiety and depression. In Lacheta's opinion, she had progressed, and she had the potential to progress further.

¶ 22    Joe Houk, a Shelbyville police officer, testified that on October 28, 2016, he investigated a complaint of a criminal trespass to the West residence in Shelbyville. He spoke with the defendant about the trespass. She admitted to it, but said that she was "proud of herself" for walking out of the residence without stealing any pills, despite her desire to do so.

¶ 23    Heather Wade, a Shelby County probation officer, testified that she supervised the defendant's drug-court probation from the time it began in May 2018 until it was revoked in March 2019. During that time, Wade and the defendant interacted five or six times per week. Wade taught the weekly Moral Recognition Training (MRT) to people who were just starting drug court. MRT has twelve steps. The defendant was onto the third step when she was forced to return to the first step for lying. At the time her drug-court probation was revoked, the defendant had not completed MRT. Her most recent positive drug screen was in May 2019, within 30 days of the hearing. At that time, she admitted to "taking two Narco's she had found." Norco is an opiate-based controlled substance, Wade confirmed.

¶ 24    The defense also called witnesses at the sentencing hearing. Amy Duckett, the defendant's mother, testified that the defendant had been struggling with addiction since 2016. She always encouraged her daughter to get help, and she felt that help was needed. Jonathan Wiley, the defendant's husband since 2004, testified that they had 12-year-old twin sons and a 7-year-old daughter. They had been a two-income family, but in recent months he was the only one employed. The children need their mother, despite her problems, Wiley said. He stood ready to help her to

complete the requirements of drug court. Kristi Banning testified that she is the defendant's aunt and lives very close to her. She had witnessed the defendant interact with her children, and she described a very close relationship between them. Despite addiction, she was a loving wife and mother.

¶ 25     The court sentenced the defendant to imprisonment for four years and six months, to be followed by MSR for two years, and a $1000 fine plus costs and fees.

¶ 26     The defendant filed a motion to reconsider sentence. After a hearing, with no witnesses and very little argument, the court denied the motion on August 23, 2019.

¶ 27     On September 9, 2019, the defendant filed a notice of appeal, thus perfecting the instant appeal.

¶ 28                                         ANALYSIS

¶ 29     As previously mentioned, the defendant's appointed appellate attorney, OSAD, has filed with this court an *Anders* motion to withdraw as counsel, having concluded that this appeal lacks merit. In its *Anders* brief accompanying the *Anders* motion, OSAD raises two potential issues for review: (1) whether the State proved, by a preponderance of the evidence, that the defendant violated conditions of her drug-court participation, and (2) whether the circuit court abused its discretion by sentencing the defendant to imprisonment for 4½ years. Neither issue has any merit.

¶ 30     In its "amended petition to revoke drug court probation," the State alleged, *inter alia*, that the defendant had tested positive for alcohol, and had admitted to drinking alcohol. As OSAD states in its brief, probation can be revoked for a single violation of a single condition of probation, citing *People v. Bell*, 219 Ill. App. 3d 264, 266 (1991), and the State bears the burden of proving a probation violation by a preponderance of the evidence, citing section 5-6-4 of the Unified Code of Corrections (730 ILCS 5/5-6-4 (West 2018)). Refraining from alcohol consumption was one

7

of the conditions of the defendant's drug-court participation. At the hearing on the revocation petition, Shelby County probation officer Heather Wade testified, without contradiction, that the defendant admitted to her that she had consumed alcohol the night before she was (unexpectedly) tested for that substance, and Wade also testified that the test was positive. The court stated that "even without the positive test," it would find that the State had met the burden of proving that the defendant had consumed alcohol, based upon Wade's testimony about the defendant's admission. This finding is not against the manifest weight of the evidence. *People v. Crowell*, 53 Ill. 2d 447, 451-52 (1973). It is therefore sufficient, in itself, to revoke the defendant's participation in the drug court program.

¶ 31 As to the second of OSAD's two potential issues—whether the circuit court abused its discretion by sentencing the defendant to imprisonment for 4½ years—it, too, is meritless. The defendant was sentenced for the offense of residential burglary. See 720 ILCS 5/19-3(a) (West 2016). Residential burglary is a Class 1 felony (720 ILCS 5/19-3(b) (West 2016)), and therefore punishable by imprisonment for not less than 4 years and not more than 15 years (720 ILCS 5/5-4.5-30(a) (West 2016)). The defendant was sentenced to imprisonment for four years and six months—just six months more than the minimum statutory sentence. This was after the defendant had gotten a "second chance" by being admitted to drug court, and after continuing to consume drugs and alcohol during her participation in drug court, plus it was after her attempt to cheat the drug-testing system with a bottle of urine obtained from her own seven-year-old daughter. Under these circumstances, the sentence cannot possibly be an abuse of the court's discretion. See *People v. Perruquet*, 68 Ill. 2d 149, 153-54 (1977) (abuse-of-discretion standard applies to appellate review of sentences).

¶ 32                              CONCLUSION

¶ 33    The State proved that the defendant violated a condition of her drug-court participation, and the circuit court did not abuse its discretion in sentencing her to 4½ years in prison. No argument to the contrary would have merit. Therefore, OSAD is granted leave to withdraw as counsel, and the judgment of conviction is affirmed.


¶ 34    Motion granted; judgment affirmed.